# Richmond

LUCILLE S. SHERWOOD V. JOHN H. LOHMAN, JR., ETC., ET AL.

November 19, 1945.

Record No. 2955.

Present, All the Justices.

The opinion states the case.

*W. R. Ashburn* and *P. A. Agelasto, Jr.,* for the appellant.

*A. A. Bangel* and *James G. Martin & Son,* for the appellees.

HUDGINS, J., delivered the opinion of the court.

This suit was instituted by John H. Lohman, Jr., executor of John H. Lohman, deceased, and A. A. Bangel, trustee in a certain deed of trust. The bill alleged that Lucille S. Sherwood, while indebted to John H. Lohman, on January 2, 1934, executed a note for $3,000, payable to the order of John H. Lohman five years after date, and that on the same day she executed a deed of trust conveying certain real estate in the city of Norfolk to A. A. Bangel, trustee, to secure the payment of the note. The bill further alleged that John H. Lohman died on March 29, 1940, and that the note was still due and outstanding, but that the defendant fraudulently and while John H. Lohman was in bad health and mentally incompetent, "got possession of said note, now has possession thereof and denies that she owes it." The prayer of the bill was that the court adjudge and declare the note and the deed of trust to be in full force and effect and that the trustee be permitted to foreclose under the terms and conditions of the deed.

Lucille S. Sherwood filed an answer to the bill admitting the execution of the note and deed of trust, and denying that she had fraudulently and while Lohman was mentally incompetent obtained possession of the note. She alleged that soon after the note was executed and delivered to Lohman he endorsed it in blank and made a gift of it to her; that she had retained possession of the note and deed of trust until September 17, 1940—more than six years—when, on request of the counsel for the complainants, she had produced the note and deed of trust before the commissioner in another chancery suit styled John H. Lohman, Jr., executor, etc. v. Lucille S. Sherwood, which case was then pending and undetermined in the Circuit Court of the city

of Norfolk, Virginia; and that the documents were two of the exhibits in that cause then pending on appeal before the Supreme Court of Appeals of Virginia. No further steps seem to have been taken in the cause until August, 1944, when the case was called for hearing. By agreement of the parties, the entire record in the former suit was filed as an exhibit. The complainants produced no other evidence. The respondent likewise relied upon the evidence and exhibits in the former cause and gave her testimony *ore tenus* before the trial judge. The respondent's motion to be permitted to file a plea of *res judicata* was rejected, and the court declared that the note and deed of trust in question were in full force and effect; that the executor was entitled to recover of the defendant the full amount of the note, principal and interest, plus attorney fees; and that the trustee was authorized and directed to foreclose the deed of trust unless the money was paid within fifteen days from that date. From that decree this appeal was allowed.

The first assignment of error is based on the refusal of the court to permit the respondent in the trial court, appellant here, to file her plea of *res judicata* and to sustain it. This necessitates an examination of the record in the former suit.

In May, 1940, John H. Lohman, Jr., executor of John H. Lohman, deceased, John H. Lohman, Jr., and Mary Lohman Perrott, in their own right, filed a bill against Lucille S. Sherwood, in which it was charged that Lucille S. Sherwood, in 1939, while John H. Lohman was mentally and physically incompetent, by fraud and undue influence enticed him to convey to her a large part of his property. The bill then describes several deeds whereby Lohman had conveyed to Lucille Sherwood several parcels of land, a bill of sale of certain notes, and power of attorney authorizing her to check on Lohman's bank account.

Paragraph numbered four of the bill alleged: "And plaintiffs believe and aver that in addition, defendant fraudulently, and by undue influence, and while said John H. Lohman was mentally and physically incompetent, has procured

from him and converted to her own use, other money and property belonging to him, the exact amount not being known to plaintiffs."

Paragraph numbered seven of the bill alleged: "The acts of said defendant against said John H. Lohman were a planned system of fraud and undue influence upon him."

The plaintiffs, among other things, prayed that the "property, bonds, and money of John H. Lohman received by defendant may be restored to his heirs, devisees, legatees and executor;" and for general relief.

Lucille S. Sherwood filed an answer to the bill denying each specific allegation of fraud and, in the paragraph numbered four of her answer, alleged: "This defendant expressly denies that she has fraudulently and by undue influence and while the said John H. Lohman was mentally and physically incompetent, during the year 1939 or at any other time, procured from him and converted to her own use any money or property belonging to him, but that any and all property and money which may have been conveyed or otherwise delivered and given to her by said Lohman were conveyed, given and otherwise delivered to her by the said Lohman while he was duly competent to do so and in the furtherance of his own desires."

On July 22, 1940, the cause was referred to Richard W. Ruffin, a commissioner in chancery, who, among other things, was directed to inquire and report "whether or not the defendant has in the year 1939 obtained from John H. Lohman by fraud or undue influence or when he was incompetent, money or property of his and converted it to her own use, and if so what money and property, as alleged in section 4 of the bill."

"And said commissioner shall report such other matter as he deems relevant to the foregoing inquiries."

While the commissioner was making an extensive and exhaustive examination into the matters referred to him, Mr. James G. Martin, attorney for the complainants in that cause, asked Mrs. Sherwood "to produce every paper in her box (safety deposit box) having any relation to this suit or

John H. Lohman's estate." Pursuant to that request, the Commissioner, with the consent of the attorneys for the parties, examined Mrs. Sherwood's safety deposit box and, with her consent, presented the $3,000 note here in question. She was examined and cross-examined about the note and the deed of trust, and, on the evidence thus produced, the commissioner made a specific finding of fact, as noted below.

On May 1, 1941, the commissioner filed a comprehensive report, in which he held: "Fraud and undue influence have been charged but in the opinion of the Commissioner neither has been proved. The principal question to be decided is when did Mr. Lohman become mentally incapacitated. From the nature of his affliction no exact date can be fixed, but your Commissioner believes, from the preponderance of the evidence, the exhibits and the surrounding facts and circumstances, that this incapacity occurred during the early summer of 1939."

Passing on the specific question of whether or not Mrs. Sherwood had by undue influence fraudulently obtained the $3,000 note now in issue, the commissioner said: "Your Commissioner has been requested to report on such other matters as he deems relevant to the foregoing inquiries.

"In this connection your Commissioner reports that there has been considerable controversy by counsel for the complainants over a note for $3,000 made by Lucille Sherwood payable to the order of John H. Lohman. This note is dated Jan. 2, 1934, payable 5 years after date at the Merchants & Mechanics Savings Bank and is endorsed without recourse by John H. Lohman and secured by a deed of trust to A. A. Bangel, Trustee.

"The testimony of the defendant regarding this note is quite confused but her confusion in the opinion of your Commissioner has no bearing with the issues involved in this case.

"The note in question has, in reality, been in her possession since its execution, and in Mr. Lohman's will of 1936, he specifically bequeaths it to her."

To this specific finding of the commissioner, the complainants made the following exception: "To so much of the recitation or dictum of the Commissioner at the bottom of page 15 and top of page 16 of said report relative to a note for $3,000.00 made by defendant payable to John H. Lohman, dated January 2, 1934, secured by deed of trust payable five years after date and secured by deed of trust to A. A. Bangel. Plaintiffs understand from the report that the Commissioner does not attempt to pass upon the validity of this note, but if the report can be construed that it is passed on in favor of defendant, then plaintiffs except to this part of said report and maintain that said evidence plainly shows that said note is still owing by the defendant."

When the report and the respective parties' exceptions thereto were presented to the trial court, it held "that the procuring cause of the execution of the deeds and other papers set forth in the bill of complaint was not due to fraud or undue influence on the part of said respondent but was due to the love and affection borne by the said John H. Lohman, Sr., for the said respondent, Lucille S. Sherwood, and that at the time of the execution of said deeds and other papers the said John H. Lohman, Sr., was not mentally incompetent to execute the same."

All exceptions filed by Lucille Sherwood to the commissioner's report were sustained, and the complainants' bill was dismissed, but in the decree it was said: "The Court does not regard the note for $3,000.00, dated January 2, 1934, mentioned on pages 15 and 16 of the Commissioner's report as within the issues in this cause, and makes no decision as to that note."

On appeal, this court (*Lohman* v. *Sherwood*, 181 Va. 594, 26 S. E. (2d) 74) reversed the decree of the trial court, in so far as it sustained the exceptions of Mrs. Sherwood, and affirmed the findings of the commissioner. On the point, this was said:

"The commissioner found that early in the summer of 1939 John H. Lohman became mentally incompetent, and that all instruments executed or acknowledged after July 1,

1939, were invalid and all instruments executed prior to that time were valid. * * *

"These findings of the commissioner are supported by substantial evidence and should have been affirmed.

"For these reasons, the decree of the trial court is reversed, and the case is remanded with direction that a decree be entered in accordance with the views expressed herein."

In accordance with this mandate the trial court entered the following order: "This cause came on this day to be again heard upon the papers formerly read and upon the mandate and opinion of the Supreme Court of Appeals of Virginia, reversing and remanding the cause, and was argued by counsel.

"On Consideration Whereof, the court doth adjudge, order and decree: that the exceptions of all parties to the report of Commissioner in Chancery Richard W. Ruffin filed in this cause to-wit, on May 1, 1941, are overruled, and said report is confirmed."

The commissioner held, which holding was approved by this court, that all transfers of property to Mrs. Sherwood, with one exception, made after July 1, 1939, were invalid; and that all transfers of property made prior to that date were valid. The commissioner, in the original suit, found as a fact that, after each party had opportunity to fully develop his respective contentions, the $3,000 note containing a blank endorsement of John H. Lohman had been in her possession—that is, the possession of the maker—since 1934. The only conclusion to be drawn from this finding of fact is that the principal debtor was the holder of the note at or after maturity in her own right. Hence, the negotiable instrument was discharged. Code of 1919, sec. 5681 (4).

The executor and the trustee in this suit make the same contention, as to the $3,000 note, that the same executor and the beneficiaries under the will of John H. Lohman made in the former suit. The commissioner's finding of fact on the issue thus presented, which finding

was approved by this court and finally by the trial court in compliance with the mandate on appeal in that cause, is binding and conclusive.

Mr. Justice Spratley, speaking for the court in *Royall v. Peters*, 180 Va. 178, 190, 21 S. E. (2d) 782, aptly said: "Courts are for the purpose of furnishing a speedy end to litigation and not as a forum for endless contentions. Carelessness or afterthought on the part of litigants ought not to be allowed to affect the conclusiveness of a proceeding which has been determined after ample opportunity for a hearing of every question which might have been litigated."

The decree of the trial court is reversed and the suit dismissed.

*Reversed and dismissed.*