# Richmond

## Henry P. Winborne v. Johnny S. Doyle, Jr.

May 1, 1950.

Record No. 3633.

Present, All the Justices.

The opinion states the case.

*George E. Allen,* for the plaintiff in error.

*L. C. Harrell, Jr.,* for the defendant in error.

HUDGINS, C. J., delivered the opinion of the court.

Henry P. Winborne complains of a judgment for $3,375 entered against him in favor of J. S. Doyle, Jr., for the rental value of a certain house and lot in Emporia, Virginia.

The dominant error assigned is the refusal of the trial court to sustain a plea of *res adjudicata.*

It appears from the plea of *res adjudicata* that a court of competent jurisdiction entered a declaratory judgment fixing and determining the rights of the parties to the rents, issues and profits in and to certain premises involved in this litigation. The record in that proceeding establishes the following facts:

On or about the 8th day of February, 1942, Notis C. Winborne, wife of Henry P. Winborne, died testate. By her will she devised and bequeathed to her husband, the defendant in this action, "all of my real and personal property until his death or remarriage. At his death or re-

marriage, the remainder of my property to be divided equally between my living, lawful brothers and sisters, except my house and lot on East Atlantic Street No. 309, now occupied as my home. This, in the event of H. P. Winborne's death or remarriage, I bequeath to J. S. Doyle, Jr., my nephew, when he becomes twenty-five (25) years of age. He to have the income from this house and lot after that time."

Defendant remarried on June 29, 1944, at which time J. S. Doyle, Jr., was only sixteen years of age. At that time a dispute arose between Henry P. Winborne and J. S. Doyle, Jr. Winborne claimed that, notwithstanding his remarriage, he was entitled to the use and occupation of the premises until Doyle was twenty-five years old. On the other hand, Doyle claimed that he was entitled to the income from the property on and after the date of Winborne's remarriage.

This controversy between the parties was set forth in a notice of motion filed by J. S. Doyle, Jr., who sued by John S. Doyle, his father and next friend, and the brothers and sisters of Notis C. Winborne against Henry P. Winborne, in which the court was asked to construe the will and to declare who was entitled to the property and the income therefrom. A jury was waived and all matters of law and fact were submitted to the judge, who held "that the true and intended meaning of said will is that from and after the marriage of Henry P. Winborne, J. S. Doyle is entitled to the rents, issues and profits from the house and lot on East Atlantic Street No. 309. * * *"

There was no appeal from this order; hence, it is conclusive as to all issues between the parties presented in that proceeding.

Two months after the declaratory judgment was entered, defendant vacated the premises, but refused to pay for its use and occupation, although he had rented a part of the building and had collected rents therefrom. Thereafter Johnny S. Doyle, Jr. instituted this action by notice of

motion alleging that defendant was indebted to him "for the fair rental value of said property" from the date of defendant's remarriage until it was vacated.

Defendant contends that the rental value of the premises was a pertinent issue which could, and should, have been raised in the declaratory judgment proceeding and plaintiff's failure to ask for a personal judgment against defendant in that action constitutes a bar to the present action.

■ The doctrine of *res adjudicata* is that when a final judgment has been rendered upon the merits of a controversy by a court of competent jurisdiction it is conclusive of all rights, questions, and facts in issue as to the parties and their privies. This includes issues of law and fact that were actually raised and decided in the former case, and, under some circumstances, it is conclusive of other questions which might have been raised and determined in that action. 30 Am. Jur., Judgments, sec. 161, p. 908; 50 C. J. S., Judgments, sec. 657, p. 102; *Gentry* v. *Farruggia* (W. Va.), 53 S. E. (2d) 741.

This general rule does not mean that a prior judgment is conclusive of matters not in issue or adjudicated, and which were not germane to, or essentially connected with, the actual issues in the case, although they may affect the ultimate rights of the parties and might have been presented in the former action. 50 C. J. S., Judgments, sec. 657, p. 103.

For further discussion of the doctrine of *res adjudicata* see the following Virginia cases: *Sherwood* v. *Lohman*, 184 Va. 511, 35 S. E. (2d) 757; *Griffin* v. *Griffin*, 183 Va. 443, 32 S. E. (2d) 700; *Cohen* v. *Powers*, 183 Va. 258, 32 S. E. (2d) 64; *Royall* v. *Peters*, 180 Va. 178, 21 S. E. (2d) 782; *Unemployment Compensation Comm.* v. *Harvey*, 179 Va. 202, 18 S. E. (2d) 390; *Purcellville* v. *Potts*, 179 Va. 514, 19 S. E. (2d) 700, 141 A. L. R. 633; *Griffith* v. *Raven Red Ash Coal Co.*, 179 Va. 790, 20 S. E. (2d) 530.

■■ The general rule is that in a declaratory judgment proceeding coercive relief is not sought. However, coercive relief may be demanded—that is, the rights of the parties may

not only be determined, but they may be enforced, in the one action. *Yukon Pocahontas Coal Co.* v. *Ratliff,* 175 Va. 366, 8 S. E. (2d) 303; *Gray* v. *Defa,* 103 Utah 339, 135 P. (2d) 251, 155 A. L. R. 495; Annotation 501.

The former action was instituted to construe the will of the testatrix and to have the court determine who was entitled to the rents, issues and profits from the house and lot after the remarriage of defendant. No other issue was presented or determined. The court met this issue squarely and, by a formal and solemn declaration, held that plaintiff was entitled to the rental value of the house and lot on and after June 29, 1944.

It would be unreasonable to hold that a court had jurisdiction to determine the rights of parties, but the successful party had no remedy to enforce such rights after they had been so determined. No such unjust results can be read into the declaratory judgment statutes, Chapter 25 of the 1950 Code. Sec. 8-578 provides: "In cases of actual controversy, courts of record within the scope of their respective jurisdictions shall have power to make binding adjudications of right, whether or not consequential relief is, or at the time could be, claimed and no action or proceeding shall be open to objection on the ground that a judgment or order merely declaratory of right is prayed for. Controversies involving the interpretation of deeds, wills (or) other instruments of writing * * * may be so determined * * *."

The main purpose of the declaratory judgment statutes is to determine "actual controversies" and the rights of parties under deeds, wills, contracts or other writings, rather than to grant coercive relief. Such a proceeding increases the usefulness of the courts and removes doubt and uncertainty as to the final result of legal controversies. *Patterson* v. *Patterson,* 144 Va. 113, 131 S. E. 217; *Travelers' Ins. Co.* v. *Greenough,* 88 N. H. 391, 190 A. 129, 109 A. L. R. 1096; 68 A. L. R. 112.

The provisions of Sec. 8-581 of the 1950 Code, clearly contemplate further action to enforce the rights determined

by a declaratory judgment. These provisions are: "Further relief, based on a declaratory judgment, order or decree, may be granted whenever necessary or proper. The application shall be by petition to a court having jurisdiction to grant the relief. If the application is deemed sufficient the court shall, on reasonable notice, require an adverse party whose rights have been adjudicated by the declaration of right, to show cause why further relief should not be granted forthwith."

■■ Plaintiff did not file a petition in the former proceeding to enforce his rights as determined by the declaratory judgment, but he instituted this, a separate action, by notice of motion for the rental value of the property wrongfully withheld from him. No evidence on this issue was introduced in the declaratory judgment proceeding, nor was such evidence germane to the dominant and only issue there presented.

The remedy for enforcement of the rights determined by the declaratory judgment prescribed by statute is not exclusive. It was said in *American Nat. Bank* v. *Kushner*, 162 Va. 378, 174 S. E. 777, that such a declaratory judgment proceeding is intended to supplement rather than supersede ordinary causes of action.

In *Morris* v. *Ellis*, 221 Wis. 307, 266 N. W. 921, it was said: "The intimation that the supplemental relief contemplated by the statute is limited to further declaratory relief cannot be sustained. It includes any relief essential to making effective the declaratory judgment entered by the court." 16 Am. Jur., Declaratory Judgments, sec. 78, p. 342.

Consequential or incidental relief may be obtained in an action in which a declaratory judgment is sought, but the failure to seek such relief in such action or suit does not constitute a bar to other proceedings to enforce the rights determined by the judgment, whether such other proceeding is by petition filed in that cause or in a separate and independent action.

Defendant further contends that assumpsit for use and occupation of land does not lie in the absence of a contract, express or implied, to pay rent.

■ A contract to pay rent may be implied from the undisputed facts in this case.

Shortly after defendant remarried he made a verbal contract with the plaintiff and his father, whereby he promised and agreed to pay to plaintiff $20.00 a month which he was receiving for the apartment on the second floor, to surrender to plaintiff two rooms and bath on the first floor, and for the use and occupation of the remainder of the building, he agreed to pay taxes, insurance and make necessary repairs. Defendant made the payments for a period of three months. Thereafter he refused to make further payments on the ground that the court should determine who was entitled to the use and occupation of the property.

In *Raven Red Ash Coal Co.* v. *Ball*, 185 Va. 534, 547, 39 S. E. (2d) 231, 167 A. L. R. 785, we said:

"To hold that a trespasser who benefits himself by cutting and removing trees from another's land is liable on an implied contract, and that another trespasser who benefits himself by the illegal use of another's land is not liable on an implied contract is illogical. The only distinction is that in one case the benefit he received is the diminution of another's property. In the other case, he still receives the benefit but does not thereby diminish the value of the owner's property. In both cases, he has received substantial benefit by his own wrong. As the gist of the action is to prevent the unjust enrichment of a wrongdoer from the illegal use of another's property, such wrongdoer should be held on an implied promise in both cases."

*Affirmed.*