## CIRCUIT COURT OF THE CITY OF RICHMOND

David E. Nuchols

v.

James I. Marshall

October 3, 1977

Case No. 9598

By JUDGE WILLARD I. WALKER

The facts of this case can be simply stated. The instant case between plaintiff and defendant was preceded by an identical case between the parties in all material respects. The former proceeding in this court was terminated by an order entered April 3, 1975. The terms of said order that are pertinent to this inquiry are as follows: ". . . and that the plaintiff file his answer to defendant's Interrogatories within ten days from the date of this Order and that if the plaintiff shall fail to file Answers to Interrogatories within this period of time, this case is dismissed with prejudice and without further order of this Court." The record in the former case indicates that no answers to interrogatories were filed by the plaintiff within the ten days allowed by the court's order.

Counsel for the plaintiff undertook to appeal the April 3, 1975, order of this court to the Supreme Court of Virginia, and his petition for writ of error was denied by the Supreme Court of Virginia in the following language:

The petition of David E. Nuchols for a writ of error to a judgment rendered by the Circuit Court of the City of Richmond,

Division I, on the 3rd day of April, 1975, in a certain motion for judgment then therein depending, wherein the said petitioner was plaintiff and James I. Marshall was defendant, having been maturely considered and a transcript of the record of the judgment aforesaid seen and inspected, the court being of opinion that there is not reversible error in the judgment complained of, doth reject said petition, and refuse said writ of error, the effect of which is to affirm the judgment of said circuit court. (Emphasis supplied.)

The present action was filed in this court on July 16, 1975, at which time the previous action was pending on the petition for writ of error in the Supreme Court of Virginia.

There can be no question that the plea of res judicata filed in this action by the defendant is valid, provided the judgment order of this court of April 3, 1975, is valid. The action is between the same parties by agreement, and it alleges the same cause of action. The fact that the dismissal of the plaintiff's action was based upon his failure to comply with an order of the court with regard to discovery does not defeat the plea of res judicata. In the case of Griffin v. Griffin, 183 Va. 443, 32 S.E.2d 700 (1945) at page 452, the court stated inter alia:

The doctrine of res judicata rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate, the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent. The doctrine of res judicata not only puts an end to strife, but produces certainty as to individual rights and gives dignity and respect to judicial proceedings. (Emphasis supplied.)

And in the case of Royall v. Peters, 180 Va. 178, 21 S.E.2d 782 (1942), the court further stated at page 190, in part:

> Carelessness or after-thought on the part of litigants ought not to be allowed to affect the conclusiveness of a proceeding which has been determined after ample opportunity for a hearing of every question which might have been litigated. (Emphasis supplied.)

The plaintiff's position as reflected in his memorandum is that the order of this court of April 3, 1975, is void because the order was expressed in anticipatory or conditional language, to wit, that a judgment would enter in a self-executing manner if an action on the part of the plaintiff was not done within ten days of the date of the entry of the order. This court finds no merit in this contention by the plaintiff. The plaintiff was given every opportunity to be heard at the hearing on April 3, 1975, at which time the court's order was entered. This fact is plainly affirmed by the action of the Supreme Court of Virginia in denying the plaintiff's petition for writ of error and affirming the judgment of the said circuit court.

Under the terms of the court's order the plaintiff was merely required to file answers to interrogatories within the ten days allowed by the court. There was nothing obtuse or unclear about the direction of the court and no reason for the parties to appear again before the court, consuming judicial time to have a subsequent order entered accomplishing the same purpose. If, in fact, the plaintiff did not file or attempt to file his answers to interrogatories within the time frame allowed by the court, this court is aware of no Virginia law that would invalidate or void the judgment order of this court of April 3, 1975. This court is also aware of the fact that the Supreme Court of Virginia by its order of December 29, 1975, affirmed the judgment of this court in this regard.

The plaintiff, David E. Nuchols, litigated or had the opportunity to litigate his cause of action against James I. Marshall in the proceedings which terminated in this court in April of 1975, said termination being affirmed by the Supreme Court of Virginia on December 29, 1975. Therefore, the plea of res judicata filed by the defendant, James I. Marshall, must be sustained.