## CIRCUIT COURT OF FAIRFAX COUNTY

Employer's Insurance of Wausau

v.

Edward Hakspiel

February 9, 1999

Case No. (Law) 156778

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter came before me on Plaintiff's Motion to Reinstate Judgment and on Defendant's Motion to Amend the Final Order. For the reasons stated below, the Motion to Amend the Judgment is granted.

In September of 1995, Edward Hakspiel was driving on Interstate 66 trying to elude police officers who were chasing him and, in the process, struck and killed Robert Shiffler. Shiffler was working on a construction project for A.S.I. Services ("ASI") at the time of his death.

Hakspiel was subsequently convicted of involuntary manslaughter and is currently confined in the penitentiary system. A wrongful death action was brought in the Circuit Court for the City of Winchester, Virginia, by the heirs of Robert Shiffler, and a consent order was entered in that case distributing $300,000.00 to the heirs of Robert A. Shiffler.

Shiffler's and ASI's Workers' Compensation carrier, Employer's Insurance of Wausau, brought an action pursuant to § 65.2-309 of the Code of Virginia to recover Workers' Compensation benefits that Wausau was ordered by the Virginia Workers' Compensation Commission to pay to Shiffler's widow. Wausau's Motion for Judgment also references damages allegedly suffered by § 8.01-55 (wrongful death) statutory beneficiaries, but no such relief is sought in the *ad damnum* clause. Those damages referenced are of the

nature compensable under that statute. On April 7, 1998, the Honorable Gerald Bruce Lee of this court entered judgment against Hakspiel in the amount of $800,000.00 for solace, $181,621.00 for lost income, and $350,000.00 for punitive damages. On April 22, 1998, Judge Lee suspended the judgment and Final Order until further order of the Court.

Wausau and ASI argue that under the Workers' Compensation Act, Wausau and ASI are subrogated to Shiffler's beneficiaries' wrongful death claim. They concede that any judgment in excess of the workers' compensation sum paid by the employer shall be held for Shiffler's beneficiaries. Hakspiel argues that the judgment for claims of solace and punitive damages are not permitted under the Virginia Workers' Compensation Act and should be removed from the Final Order granted on April 7, 1998.

Virginia Code § 65.2-309 grants the employer the right to recover from the wrongdoer whatever the employer had to pay and removes from the employee the right to a double recovery. *Stone v. George W. Helm Co.*, 184 Va. 518 (1951). Under the Workers' Compensation Act, the express inclusion of a subrogation provision prevents the employee from acquiring two separate remedies for a single injury. *Crab Orchard Imp. Co. v. C. & O. Ry.*, 115 F.2d 277 (4th Cir. 1940), *cert. denied*, 312 U.S. 702 (1941). The purpose of § 65.2-309 is to reimburse an employer who is compelled to pay compensation as a rsult of the negligence of a third party. *Tomlin v. Vance Int'l.*, 22 Va. App. 448 (1995).

Wausau and ASI concede that any award in excess of the Workers' Compensation Claim reverts back to the beneficiaries. Thus, the awards for solace and punitive damages would be granted to the beneficiaries as they are in excess of the Workers' Compensation award. This grant would allow the beneficiaries a double recovery, exactly what § 65.2-309 is intended to prohibit.

As the heirs of Shiffler have recovered for his wrongful death by the consent order entered in the City of Winchester, they cannot be permitted further recovery under the Workers' Compensation Act. Under the Act, Wausau is only entitled to reimbursement for what it has paid the beneficiaries. Thus, the judgment is modified to $183,395.00. In addition, John Bancroft is awarded a guardian *ad litem* fee of $2,500.00 to be paid by the Plaintiff within thirty days.