# Richmond

## MILDRED G. FRANCIS v. JAMES H. FRANCIS.

April 26, 1943.

Record No. 2661.

Present, All the Justices.

The opinion states the case.

*E. Raleigh Phillips* and *Oren R. Lewis,* for the appellant.

No appearance for the appellee.

SPRATLEY, J., delivered the opinion of the court.

On March 25, 1942, a decree was entered in these pro-
ceedings granting James H. Francis a divorce *a vinculo matri-*
*monii* from Mildred G. Francis. This decree fully adjudicated
all matters in issue, gave all the relief contemplated, left noth-
ing further to be decided, and dismissed the cause from the
docket. It became, in every sense, a final decree at the
end of the March, 1942, term of the trial court during
which it was entered, or fifteen days after its rendition,
whichever first happened. Virginia Code, 1942, (Michie)
section 5962a.

On May 22, 1942, at a subsequent term of the trial court,
a decree was entered denying an oral motion of Mrs. Francis
to "reopen the cause" and to "set aside" the decree of March
25th. The motion pointed out no errors on the face of
the record, nor was it accompanied by any statement or
proof of evidence which was proposed to be offered by
the defendant.

Mrs. Francis, on September 21, 1942, filed her petition
in this court for an appeal from the decree of May 22, 1942,

assigning as errors several rulings of the trial court prior to the entry of the decree of March 25th, and the refusal of that court to reopen and set aside that decree. She asks this court to reverse the decrees of the trial court and to enter a decree denying the complainant a divorce.

When a final decree has been entered, there are two possible modes of reopening it in a trial court, one by a petition for a rehearing and another by a bill of review. A petition for a rehearing, showing error of law or fact, or the discovery of new and material evidence, must be presented while the cause is still within the control of the trial court; but if the term of the trial court at which the final decree was entered has expired, the only mode of rehearing is by a bill of review. Virginia Code, 1942, (Michie) section 6316. *Hodges* v. *Davis*, 4 Hen. & M. (14 Va.) 400; *Hatcher* v. *Hatcher*, 77 Va. 600; *Downing* v. *Huston, etc., Co.*, 149 Va. 1, 141 S. E. 134; *Royall* v. *Peters*, 180 Va. 178, 21 S. E. (2d) 782.

For full treatment of the subject and annotation of many cases, see Michie's Digest of Virginia and West Virginia Reports, Vol. 8, Rehearing, pages 571, *et seq.* and Vol. 2, Bill of Review, pages 136, *et seq.*

At the expiration of the March, 1942, term of the trial court, the final decree of March 25th was subject only to a bill of review for a proper cause, or appeal to this court, each duly and properly filed. No such bill of review or any pleading, in form or substance, which may be considered in the nature of a bill of review was filed by the defendant. The trial court, therefore, on May 22, 1942, did not err in refusing to entertain a mere motion to "set aside" the final decree of divorce.

The jurisdiction of this court in relation to appeals is purely statutory. Four months having elapsed from the date of the entry of the final decree of March 25, 1942, before the presentation of the petition for this appeal, we are without jurisdiction to consider an appeal from that decree. Virginia Code, 1942, (Michie) section 6337.

This conclusion prevents a consideration of the several interesting questions discussed in the brief of the appellant.

For the foregoing reasons, the decree appealed from must be affirmed.

*Affirmed.*