# Richmond

## C. B. BRIDGES v. COMMONWEALTH OF VIRGINIA.

March 13, 1950.

Record No. 3669.

Present, All the Justices.

The opinion states the case.

*James G. Martin & Sons* and *Tom E. Gilman,* for the plaintiff in error.

*J. Lindsay Almond, Jr., Attorney General,* and *Frederick T. Gray, Special Assistant,* for the Commonwealth.

MILLER, J., delivered the opinion of the court.

Plaintiff in error, C. B. Bridges, was indicted under section 2154 (104) of the Code of Virginia, 1942 (Michie), (sec. 46-189, Code, 1950), for the offense commonly called "hit and run." He was charged with having been the driver of an automobile which was involved in an accident resulting in injury to another and having thereupon unlawfully and feloniously left the scene of the accident, etc.

Accused was tried on November 16, 1948, before a jury and a verdict of guilty was returned which fixed his punishment at imprisonment in jail for one year. From a judgment entered on the 28th day of May, 1949, sentencing him in accordance with the finding of the jury, this writ of error was allowed.

Accused relies upon two assignments of error:

(a) That the evidence was insufficient to prove that he was the driver of the automobile involved in the accident; and

(b) That the court should have set aside the verdict because of after-discovered evidence.

The Commonwealth contends that there is no merit in these assignments of error. It also asserts that the writ of error was improvidently awarded and must be dismissed. The Attorney General insists that (1) final judgment was rendered "more than four months before the petition for a writ of error was presented to this court" as required by sec. 6337, Code, 1942 (sec. 8-463, Code, 1950); and (2) neither the bill of exceptions allegedly incorporating the affidavits and written motion for a new trial, nor the certificate incorporating and making the evidence a part of the record, was tendered to the trial judge for signature "within sixty days from the time at which such judgment" was entered, as required by sections 6252 and 6253 of the Code, 1942 (secs. 8-330 and 8-338, Code, 1950).

If the Attorney General be correct in either contention, accused's assignments of error are wholly unavailing.

The jury's verdict was returned November 19, 1948, and on that day duly entered of record, as was also a motion by accused to set aside the verdict and award a new trial. That motion, which appears as a part of the court's order, reads, "Thereupon the defendant by counsel moved the court to set aside the verdict of the jury in this case and grant him a new trial upon the grounds that the same is contrary to the law and the evidence and without evidence to support it, the hearing of which motion is continued."

By orders entered respectively on February 7, 1949, February 12, 1949, and February 23, 1949, the case was continued from time to time, the last of which orders concludes: "* * * it is ordered that this case be continued generally." The order and judgment overruling the motion to set aside the verdict and grant a new trial and sentencing accused to a year in jail was entered on the 28th day of May, 1949, and it was duly excepted to by accused. This order also provided that execution of the judgment be suspended for sixty days from the date of its entry to afford accused opportunity to apply for a writ of error and *supersedeas* to the judgment.

On July 22, 1949 (which was after the expiration of the term of court at which the judgment of May 28, 1949, was entered), the following order was entered:

"This day came again the attorney for the Commonwealth, as well as the above named defendant, and the Court having fully heard and considered a motion of the defendant, by counsel, to set aside the verdict of the jury in this case and grant him a new trial on the grounds of after discovered evidence doth overrule the same.

"Thereupon the defendant by counsel excepted to the action of the Court in overruling said motion to set aside the verdict of the jury in this case on the grounds of after discovered evidence, and the defendant signifying a desire to apply to the Supreme Court of Appeals of Virginia for a writ of error and *supersedeas* to said judgment; It is ordered

that execution of judgment be suspended for a period of sixty (60) days from the date of this order."

On October 8, 1949, petition for writ of error was pre-sented to one of the justices of this court and the writ was awarded on November 7, 1949.

It appears that two affidavits which accused contends justify the granting of a new trial on the grounds of after-discovered evidence were filed (lodged) in the clerk's office on May 28, 1949, and the written motion of C. B. Bridges for a new trial on the grounds of after-discovered evidence, with his and another affidavit attached, was filed (lodged) in the clerk's office on June 4, 1949. The clerk's recitals in the transcript are that the affidavits and motion were "filed in this office on the 28th day of May, 1949" and "the 4th day of June, 1949." No order was entered on either day directing the affidavits or motion to be filed. At most, the written motion and affidavits were merely presented to the judge and on his oral direction then lodged in the clerk's office on those respective days.

On September 13, 1949, the following bill of exceptions was tendered to the trial judge and signed by him on September 21, 1949:

"Be it remembered that after the judgment was entered in this case on the 28th day of May, 1949, but at the same term of Court, to-wit, on the 4th day of June, 1949, C. B. Bridges, the defendant, by his attorney, filed with the Court a motion to set aside the judgment and verdict on the further ground of after-discovered evidence and filed with the Court affidavits regarding after-discovered evidence, which affidavits are hereto attached as part of this bill of exceptions, and the Court on said 4th day of June, 1949, permitted said affidavits to be filed and said motion to be made and took the matter under advisement and thereafter, to-wit, on the 22d day of July, 1949, overruled said motion to which action of the Court the defendant duly excepted and this bill of exceptions is signed and sealed and made part of the record this 21st day of September, 1949, after it duly appeared in

writing that proper notice had been given to the Commonwealth's attorney of the time and place of presenting the same."

It is conceded that the May term of court continued to and included the 28th day of May and the 4th day of June, 1949, and the June term, 1949, began on June 6, 1949.

By force of sec. 5962a of the Code, 1942 (sec. 17-31, Code, 1950), a judgment which factually contains the necessary attributes of a final judgment actually becomes final and irrevocable by the trial court at the expiration of fifteen days after its entry or at the end of the term of court, whichever shall first come to pass. That is made certain by the last sentence of this section which reads: "All judgments or decrees entered during any term of the court shall become final at the end of the term or at the expiration of fifteen days after their rendition, whichever period shall first happen." *Carney* v. *Poindexter*, 170 Va. 233, 196 S. E. 639; *Corson* v. *Corson*, 160 Va. 552, 169 S. E. 567, and *Francis* v. *Francis*, 181 Va. 373, 25 S. E. (2d) 253.

■ A judgment or decree containing the necessary qualities of finality becomes final in law and thus irrevocable not by virtue of its entry, but by force of the statute which terminates and ends the court's jurisdiction to vacate, change or impair it.

It necessarily follows that any judgment entered during the May term, 1949, which was actually final in its terms and contemplation could not be disturbed by the court unless such was accomplished by appropriate proceedings taken at some time during that term and not later than fifteen days after its entry.

Section 6337 (sec. 8-463, Code, 1950), prohibits the presentation to this court of a petition for a writ of error to a final judgment "which shall have been rendered more than four months before the petition is presented."

Sections 6252 and 6253 (sections 8-330 and 8-338, Code, 1950), among other things, provide, respectively, as follows:

Section 6252: "* * * any bill of exceptions may be

tendered to the judge at any time before final judgment is entered or within sixty days from the time such judgment is entered * * *."

Section 6253 (f): "* * * any certificate to the intents and purposes of this section may be tendered to the trial judge at any time before final judgment is entered or within sixty days from the time in which such judgment is entered * * *."

The sole question posed by the Commonwealth's motion to dismiss is whether the order of May 28, 1949, became the final judgment. That it is final in character is made certain by its explicit and unambiguous language. Its purpose, intent and sufficiency are too plain to belabor. Unless some subsequent action of the court was taken in the manner and within the time allowed by law to suspend its operation as a final order and thus stay the otherwise effective time limitation specified in sec. 5962a (sec. 17-31, Code, 1950), the Commonwealth must prevail.

Otherwise stated, if the period within which the bill of exceptions and certificate of evidence must be presented to the trial court and in which a petition for writ of error must be presented to this court began to run on May 28, 1949, and not July 22, 1949, then the motion to dismiss the writ of error must be granted.

This question therefore develops: Did the mere oral presentation to the trial judge of the written motion for a new trial, along with the supporting affidavits, which by the bill of exceptions tendered the judge September 13, 1949, and signed by him on September 21, 1949, is shown to have been done on June 4, 1949, retain the jurisdiction of the court, and thus make the order and judgment of July 22, 1949, the actual final order in contemplation of law?

The fact that the court in its order of May 28, 1949, under authority of sec. 6338 (sec. 8-465, Code, 1950), and for the purposes therein contemplated, suspended execution of the judgment, did not prevent it from becoming final.

In *Harley* v. *Commonwealth*, 131 Va. 664, 108 S. E. 648, this language is used:

"* * * The fact that execution of the judgment was suspended under the provisions of section 6338 of the Code, did not affect the finality of the judgment in that court." (131 Va. at p. 666.)

In the case of *Cobb* v. *Commonwealth*, 152 Va. 941, 146 S. E. 270, relied on by plaintiff in error, that part of the record made in the trial court as recited in the opinion of this court, discloses a materially different situation from that now presented. There one Harry S. Cobb was tried by the judge without a jury. On April 27, 1928, he was convicted, fined and sentenced to jail. Execution of that "judgment was postponed until June 4, 1928," to "allow application to be made for a writ of error." On May 5, 1928, accused "moved the court 'to set aside its judgment' heretofore entered against him on the 27th day of April, 1928, and grant him a new trial on the further grounds that defendant did not, in person, give his consent to be tried by the court."

The record discloses that the motion of May 5, 1928, made in that case was entertained by the court and then entered of record. The cause was continued until June 4, 1928, and on that date the motion for a new trial that had been made and entered of record on May 5, 1928, was overruled. The overruling of that motion was likewise duly entered of record. The opinion states, "the bills of exception were signed on July 5, 1928, more than sixty days from April 27, 1928, but less than sixty days from June 4, 1928."

The court further says: "We are to decide if the sixty days within which the bills of exceptions are to be signed began to run on April 27, 1928, the date upon which the judge first gave judgment, or from June 4, 1928, the date on which the motion of May 5, 1928, to set that judgment aside was finally passed upon and on which it was confirmed."

It does not clearly appear from the opinion that the term of court during which the judgment of April 27, 1928,

was rendered continued to and was the same term at which the order of May 5, 1928, was entered, which latter order entertained and entered of record the motion to set aside the judgment rendered eight days previously. However, on inspection of the original record and briefs in the clerk's office of this court and the pertinent statutes then in effect, it is sufficiently disclosed that the order of May 5, 1928, was entered during the same term as was the judgment of April 27, 1928.

In the case at bar the May term, 1949, of the Circuit Court of Norfolk county, having ended sooner than the elapse of the period of fifteen days after rendition of the final judgment, the court, upon expiration of its term, lost jurisdiction over this judgment. It was thereafter powerless to reopen the case and thus postpone the time in which the bill of exceptions and certificate of evidence had to be presented to the trial judge, or the petition for a writ of error presented to this court. But accused insists that the bill of exceptions tendered to the trial judge on September 13, 1949, and signed on September 21, 1949, recites and discloses that a motion for a new trial was made on June 4, 1949, within the May term, 1949, the effect of which, he contends, was to reopen the judgment of May 28, 1949, and suspend the finality of its import. That the motion was made may be factually true, yet the fallacy in the contention is simply this, that the court within the time fixed by section 5962a (sec. 17-31, Code, 1950), entered no appropriate order to change the finality of the judgment,—in fact it did nothing to that end and thus lost all power and jurisdiction to impair the judgment or enter any effective order when the May, 1949, term expired.

Finality of court judgments should not and must not be left subject to the frailty, uncertainty and danger incident to human memory and recollection. To do so would contravene the plain purpose and intent of the legislative enactments and cause untold confusion and unending litigation.

Though there are cases to the effect that a mere recorded

motion to vacate or set aside a formal judgment is insufficient to retain the court's jurisdiction over the same, we think the decision in the *Cobb Case, supra*, is in accord with the weight of authority. *Cole* v. *State*, 73 W. Va. 410, 80 S. E. 487, Ann. Cas. 1916D, 1256; 3 Am. Jur., "Appeal and Error," secs. 429 to 438, pp. 146 to 151. Under the doctrine of *stare decisis*, we should and do adhere to it. Yet in this respect we are not inclined to extend its influence in any particular.

Our conclusion is, that when an order or decree has been entered, which in contemplation, substance and effect measures up to a final judgment or decree, then the trial court loses all further jurisdiction and power to reopen and change that order or decree, unless within fifteen days after its entry and during the same term of court at which it was entered, an order or decree is actually entered, which by reasonably sufficient language undertakes to and makes evident the purpose and intent of the court to further consider and adjudicate upon the matter or matters decided and determined as announced and recorded in and by the judgment or decree in question.

Tested and measured by this conclusion, the record discloses that the order and judgment of May 28, 1949, became and was the final judgment in this case.

The bill of exceptions and the certificate incorporating the evidence as a part of the record were not presented to the trial court for signature within the time allowed by law. The petition for writ of error was not presented to this court within the time allowed by law.

For each and both of these reasons, the writ was improvidently awarded and will be dismissed.

*Writ dismissed.*