# Richmond

JOHN LEWIS SMITH v. COMMONWEALTH OF VIRGINIA.

October 12, 1953.

Record No. 4121.

Present, All the Justices.

The opinion states the case.

*W. A. Hall, Jr.,* for the plaintiff in error.

*J. Lindsay Almond, Jr., Attorney General* and *Thomas M. Miller, Assistant Attorney General,* for the Commonwealth.

HUDGINS, C. J., delivered the opinion of the court.

This is a companion case to *M. L. Royster, etc.* v. *John Lewis Smith,* decided at this session of the Court. The opinion in that case sets forth the relevant facts preceding

the transfer of custody of John Lewis Smith, the plaintiff in error in this case, and defendant in error in that case, to the Circuit Court of Page county.

On September 22, 1952, when John Lewis Smith, hereinafter designated as defendant, under the order of the Circuit Court of Goochland county in the *habeas corpus* proceeding was taken to the Circuit Court of Page county, the latter court, following the erroneous decision of the former court, declared that the two sentences for burglary imposed upon defendant on February 23, 1949, were null and void. Whereupon defendant was resentenced to five years in the penitentiary on each of the two indictments, the court "directing such sentences to run concurrently the same to stand in substitution of the erroneous sentences heretofore pronounced on said prisoner by this court on February 23, 1949." This writ of error was granted defendant for the purpose of reviewing that judgment.

The decisive question presented is whether a trial court, after a defendant has executed in full a voidable sentence imposed by it, may set that sentence aside and substitute a new sentence increasing the punishment prescribed in the original sentence.

The indictments, arraignment, trial and conviction of defendant were regular and valid in all particulars. The two original sentences were erroneous and reversible on an appeal, but they were not void, nor were they subject to a collateral attack. Defendant acquiesced in the erroneous sentences and fully paid the penalty imposed by serving all of the required time in the penitentiary. Since September 30, 1951, he has been entitled to be discharged from custody under both of these sentences. Indeed, the superintendent of Virginia State Farm only claimed the right to his custody by virtue of a conviction and sentence as a third offender by the Circuit Court of the city of Richmond.

The Attorney General strenuously objected to defendant being transferred to the Circuit Court of Page county for resentence, or for any other purpose. However, when de-

fendant over his objection, was taken to the Circuit Court of Page county, the Commonwealth's Attorney of the county moved the court to declare the original sentences null and void, to set them aside and impose a new and additional sentence upon defendant on the same indictments. This motion was sustained and the new sentences were imposed as stated. While the Commonwealth was represented in the two courts by different officials, the contentions of the two officials in the two courts are inconsistent. If the original sentences were immune from collateral attack in the Circuit Court of Goochland county, they were likewise immune from such an attack in any other court, including the Circuit Court of Page county.

A final judgment, in either a civil or criminal case, remains under the control of the trial court and "subject to be modified or vacated for twenty-one days after the date of entry, *and no longer*. But notwithstanding the finality of the judgment in a criminal case the trial court may postpone execution of the sentence in order to give the accused an opportunity to apply for a writ of 'error and a supersedeas." (Italics supplied) Rules of Court section 1:9.*

The question presented in this case is quite different from the questions presented in *Powell* v. *Commonwealth*, 182 Va. 327, 28 S. E. (2d) 687 and *Crutchfield* v. *Commonwealth*, 187 Va. 291, 46 S. E. (2d) 340. In each of these cases we were dealing with an invalid and void sentence and held in accord with the general rule, that a trial court may impose a valid sentence in substitution for one that is void, even though the prisoner had begun the execution of the void sentence. The first part of section 477, Criminal Law, 15 Am. Jur. 132, was quoted with approval in the *Powell case* in support of the principle stated. The last part of this section was not applicable to the facts in that case but it is applicable to the facts in this case and reads: "Upon a plea

---

*The last sentence in the rule was added by amendment adopted July 15, 1953, to become effective October 1, 1953.

of guilty under an information charging a felony, where proceedings thus far are free from error and where the trial court has jurisdiction of the accused and of the subject matter of the prosecution, a penitentiary sentence for less than the minimum term prescribed by statute is not void, and after it has been partially served in absence of an appellate review, the trial court is without power to vacate it and impose a greater penalty."

In *Hickman* v. *Fenton*, 120 Neb. 66, 231 N. W. 510, 70 A. L. R. 819, the facts were that a prisoner was sentenced to the penitentiary for not less than three, nor more than five years, which sentence was shorter than that prescribed by the Nebraska statute. After the prisoner had served a part of his sentence, he was taken before the trial court, the erroneous sentence was vacated and upon his rearraignment he pleaded not guilty and was thereupon sentenced to the penitentiary for twenty-five years. After he had served the full term of the original sentence he was discharged from custody on writ of *haveas corpus* issued by another trial court. On appeal by the warden from the order of discharge, the Supreme Court of Nebraska held that the sentence for a shorter period than that prescribed by law was voidable, but not void. It is stated in the opinion: "Preceding the first sentence the proceedings were regular and valid. The presiding judge had constitutional power to accept the plea of guilty and to impose a sentence of 20 years. That power was exercised to the extent of a sentence of three to five years. It was valid as far as it went, but was erroneous in failing to impose the minimum penalty of 20 years. Had no further proceedings been taken, accused could not have been discharged on *habeas corpus* on the ground that it was void.

\*　　\*　　\*　　\*　　\*　　\*　　\*

"The first or indeterminate sentence which the criminal court imposed upon petitioner was erroneous but not void. It was served according to its terms without having been reviewed in a proceeding in error. It follows that the second

sentence under the same charge for the same offense was void. Petitioner is entitled to his liberty and the order discharging him is free from error."

In *Commonwealth* v. *Penn. Railroad Company*, 41 Pa. Super. Ct. 29, it is said: "(W)here the sentence has been fully executed, the power of the court to subject the defendant to additional punishment whether by a new sentence or an amendment of the original sentence, is gone." See Annotation, 168 A. L. R. 706, 714.

After twenty-one days from its date of entry, a voidable judgment can be corrected only by writ of error to this court for review, and proper steps must be taken to obtain the review within the time prescribed by statute. A final judgment or sentence valid in a court of original entry is final and conclusive upon all courts (except on appeal) after the court pronouncing judgment has lost jurisdiction of the case. On the other hand, a void judgment or sentence is a mere nullity and subject to collateral attack in any court.

For the reasons stated, the judgment of the trial court declaring the two sentences for burglary null and void and substituting new and additional sentences therefor is hereby reversed, and the original sentences are validated. Defendant will be remanded to the custody of the superintendent of the Virginia State Farm until he has served the ten year sentence imposed upon him on July 27, 1949, by the Circuit Court of the city of Richmond.

*Reversed and final judgment.*