# Richmond

## Philip J. Hirschkop v. Commonwealth of Virginia.

March 10, 1969.

Record No. 6853.

Present, All the Justices.

*George Allen, Sr.; Arthur Kinoy* (N.J.) (*Robert T. Hall; Melvin L. Wulf* (N.Y.); *Morton Stavis; Harriett Van Tassel* (N.J.), on brief), for plaintiff in error.

*D. Gardiner Tyler, Assistant Attorney General* (*Robert Y. Button, Attorney General*, on brief), for defendant in error.

Harrison, J., delivered the opinion of the court.

Philip J. Hirschkop, plaintiff in error, hereinafter referred to as defendant, was found guilty of criminal contempt in the court below and his punishment fixed at a fine of $50 and a sentence of 5 days in jail. The trial court suspended the execution of the sentence to jail, "on condition that the said Philip J. Hirschkop in all future dealings with the court conduct himself with decorum and in a manner

befitting an attorney at law". Final order was entered on September 13, 1966.

Defendant, having intimated his desire to present a petition for a writ of error to the judgment, the trial court ordered that execution on its judgment be suspended until the 1st day of the December term, 1966.

The petition of defendant for a writ of error and *supersedeas* to the final judgment rendered by the court below was maturely considered, and this court being of opinion that the appeal was not perfected in the manner required by law, did accordingly reject the said petition and refused said writ of error and *supersedeas*. The order of this court dated April 26, 1967, assigned the following reasons:

"Final judgment, from which the petitioner seeks a writ of error, was entered on September 13, 1966. The transcripts of testimony were not tendered to the trial court within 60 days of the final judgment and were not signed by the trial court within 70 days of the final judgment, all as required by Rule 5:1, § 3(e), and such transcripts are not, therefore, part of the record. Notice of appeal and assignments of error were not filed prior to the expiration of sixty days after final judgment, as required by Rule 5:1, § 4. The petition for writ of error and the record were not filed within four months after final judgment, as required by Rule 5:4 and Code, § 8-463 and § 8-489."

On May 24, 1967, defendant lodged in the clerk's office of the court below a motion that the trial court vacate its judgment of contempt and set aside its sentence of September 13, 1966. This motion was filed by leave of court on June 5, 1967, on which date the trial court overruled the same, and to which ruling defendant excepted. The trial court, at the instance of defendant, who intimated his desire to present a further petition for a writ of error and *supersedeas*, ordered that execution of the foregoing judgment be further suspended for a period of sixty days.

Upon the petition of defendant, a writ of error and *supersedeas* were awarded him to the judgment rendered by the court below on the 5th day of June, 1967, and the case is before us again pursuant to this writ of error.

The Attorney General moves that the appeal be dismissed for the reason that the judgment rendered September 13, 1966 had be-

come final before the defendant filed his motion to vacate on June 5, 1967, and, the trial court being without jurisdiction to modify or vacate said judgment, or any part thereof, this court has no power or jurisdiction to vacate it.

Upon consideration of the briefs and argument of counsel, we are of opinion that the motion to dismiss is well-made and should be granted. The authority for a court to vacate a judgment is found within the language of the Rules of this court. Section 1:9 reads as follows:

> "All final judgments, orders and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified or vacated for twenty-one (21) days after the date of entry, and no longer. But notwithstanding the finality of the judgment, in a criminal case the trial court may postpone execution of the sentence in order to give the accused an opportunity to apply for a writ of error and supersedeas."

Rule of Court 3:21, relating to "Practice and Procedure in Actions at Law", is consistent with Rule 1:9.

It will be noted that all final judgments remain under the control of the trial court and are subject to be modified or vacated for 21 days after the date of entry and *no longer*. True, in a criminal case the trial court may postpone execution of the sentence in order to give an accused the opportunity to apply for a writ of error and *supersedeas*. However, this does not affect the finality of the judgment, and the trial court loses control over it after an elapse of 21 days from the date of its entry. The judgment of the trial court against defendant, having been entered September 13, 1966, became final on October 4, 1966, and the trial court was without authority to vacate it after that date.

On the question of the finality of judgments and the effect of a suspension of execution, it was said in *Bridges* v. *Commonwealth*, 190 Va. 691, 697, 698, 58 S. E. 2d 8, 11 (1950) that:

> "The fact that the court in its order of May 28, 1949, under authority of sec. 6338 (sec. 8-465, Code, 1950), and for the purposes therein contemplated, suspended execution of the judgment, did not prevent it from becoming final.
>
> "In *Harley* v. *Commonwealth*, 131 Va. 664, 108 S. E. 648, this language is used:

" '* * * The fact that execution of the judgment was suspended under the provisions of section 6338 of the Code, did not affect the finality of the judgment in that court.' (131 Va. at p. 666.)"

In *John Lewis Smith* v. *Commonwealth*, 195 Va. 297, 301, 77 S. E. 2d 860, 863 (1953), we held:

"After twenty-one days from its date of entry, a voidable judgment can be corrected only by writ of error to this court for review, and proper steps must be taken to obtain the review within the time prescribed by statute. A final judgment or sentence valid in a court of original entry is final and conclusive upon all courts (except on appeal) after the court pronouncing judgment has lost jurisdiction of the case."

In *Martin Thomas Smith* v. *Commonwealth*, 207 Va. 459, 150 S. E. 2d 545 (1966), the facts are that on the twenty-first day after judgment, Smith's counsel filed motion for new trial with the clerk, requesting that the motion be held in abeyance pending transcription of the record. No hearing was had for nearly a month. Under these circumstances the judgment having become final at the end of twenty-one days under Rules 1:9 and 3:21, it was held that no error was committed in denying the motion for new trial.

Defendant relies upon *Loving* v. *Commonwealth*, 206 Va. 924, 147 S. E. 2d 78 (1966). That case is not apposite to the instant case. In *Loving* the final judgment of conviction was entered on January 6, 1959, wherein one-year jail sentences were suspended for a period of twenty-five years. The suspension period having been fixed, the trial court had the authority under Code § 53-275, *supra*, to revoke or modify it at any time during the 25-year suspension period. The motion to vacate the judgments and set aside sentences was filed on November 6, 1963. But more important, in *Loving*, the statute under which the conviction was had was attacked as violative of the Constitutions of Virginia and of the United States, and the sentences imposed were attacked as invalid. Manifestly the judgment convicting defendant of contempt on September 13, 1966 is not void on its face, and it is not so alleged by defendant.

Furthermore, it does not appear from the opinion in *Loving* that the question of jurisdiction was raised or that any motion to dismiss was made by the Commonwealth. Certainly *Loving* does not stand

for the proposition that any judgment which has become final can be vacated. The attack in that case was a collateral one. Here defendant makes a direct attack on a judgment which is final. The granting of the writ of error and *supersedeas* on December 4, 1967, which brings this case before us, did not alter the situation as it existed on June 5, 1967 when the trial court overruled defendant's motion to vacate the judgment and set aside the sentence. Neither did it affect the finality of defendant's conviction.

Many assignments of error are made by defendant. They are substantially the same as were made in his petition for writ denied on April 26, 1967. However, the errors assigned are the kind which can only be corrected by writ of error to this court for review. We are not dealing here with a void judgment, or a sentence which is a mere nullity and subject to collateral attack in any court.

[2] Defendant's motion to vacate the judgment of September 13, 1966, and set aside the sentence imposed on him, filed June 5, 1967, came more than 21 days after this judgment had become final, and after this court had refused defendant a writ of error. The trial court was without authority to entertain the motion, and this court is without jurisdiction.

In *Stacy* v. *Mullins*, 185 Va. 837, 841, 40 S. E. 2d 265, 266 (1946), we quoted with approval from *Union Pacific Ry. Co.* v. *Ogilvy*, 18 Neb. 638, 26 N. W. 464, as follows: " '* * * The rule is well settled that, if the court in which the action is brought has no jurisdiction of the subject matter, the appellate court will acquire none by the appeal. . . .' " See also *Addison* v. *Salyer*, 185 Va. 644, 40 S. E. 2d 260 (1946); *Hoffman* v. *Stuart*, 188 Va. 785, 51 S. E. 239 (1949).

In 4 C. J. S., Appeal and Error, § 41, p. 158, it is said: "An appeal from an inferior court or tribunal which has no jurisdiction of a cause confers no jurisdiction on the appellate court." To the same effect, see 1B Mich. Jur., Appeal and Error, § 15, pp. 140-141, where it is said:

"If an inferior court or tribunal has no jurisdiction to hear and determine a cause, an appeal from a judgment rendered therein does not confer upon a court of superior rank a jurisdiction not possessed by the former, though it may have had authority in the first instance to adjudicate the matter in controversy in its entirety. Where the supreme court of appeals is without jurisdiction, it is without authority to consider any other question raised in a

petition for a writ of error. However, the supreme court of appeals may take jurisdiction of a case by writ of error to a void judgment for the sole purpose of adjudicating the invalidity of that judgment."

In the case of *Pifer* v. *United States,* (W. Va.), 158 F. 2d 867, *cert. denied* 329 U. S. 815, 67 S. Ct. 636, 91 L. ed. 695, the appellant was convicted in 1939 on two indictments and in 1946 he filed a Motion to Vacate the sentences imposed upon him, making three contentions, the third of which was "that the facts in evidence show that only one crime was committed." The court denied relief and in its opinion we find this:

"As to the third contention, nothing is better settled than that a motion such as this to vacate a judgment cannot be used to review the sufficiency of the evidence or the proceedings had on the trial as upon appeal or writ of error. *Ong* v. *United States,* 4 Cir., 131 F. 2d 175."

For the reasons stated, the motion to dismiss is granted and the writ is

*Dismissed.*