## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Mickey

v.

Sears, Roebuck & Co.

March 2, 1979

Case No. (Law) 4698

By JUDGE ALBERT H. GRENADIER

I have considered the arguments of counsel and have read the Memoranda of Points and Authorities in support of [the] respective positions with respect to the Plea in Bar filed by the Defendant.

It is the opinion of the Court that the Court's Order of February 27, 1978, dismissing the original "Complaint" was a final order; and that under Rule 1:1 of the Rules of Court, said Order remained under the control of the Court for twenty-one days and no longer. *See Lyle* v. *Ekleberry*, 209 Va. 349, 164 S.E.2d 586 (1968).

During that twenty-one day period, the Court could have vacated or modified the Order, but was not requested to do so. Nor did the lodging in the Clerk's Office of the "Amended Complaint" on March 15, 1978, extend the twenty-one day period. *See Smith* v. *Commonwealth*, 207 Va. 459, 150 S.E.2d 545 (1966).

The Plaintiff in this case now asks the Court to exercise its discretion to avoid what may be a harsh result to the Plaintiff. This request should have been made before the Order of February 27, 1978, became final, and this Court is now powerless to give the Plaintiff relief from the effects of that Order. Nor can the Court find any authority for the tolling of the statute between

January 31, 1978, when the original action was filed, and February 27, 1978, when the Final Order was entered. Even if the Order was voidable, the Plaintiff's only remedy would have been an appeal to the Virginia Supreme Court. *See Smith* v. *Commonwealth*, 195 Va. 297, 77 S.E.2d 860 (1953); *Hirschkop* v. *Commonwealth*, 209 Va. 678, 166 S.E.2d 322, *cert. denied*, 396 U.S. 845, 90 S. Ct. 72, 24 L. Ed. 2d 94 (1964).

With respect to the first four counts of the "Amended Complaint," counsel have conceded that under the provisions of Section 8-24 of the Code of Virginia (the statute then in effect), the appropriate statute of limitation was one year from the time the cause of action accrued. It is evident and counsel have conceded that the one-year period had expired prior to the filing of the "Amended Complaint" on March 15, 1978. All of these causes of action accrued on or before February 1, 1977. The Plaintiff argues, however, that with respect to the fifth count of the "Amended Complaint," wherein a conspiracy is alleged, a five-year statute of limitation is applicable for actions brought under the provisions of Sections 18.2-499 and 18.2-500 of the Code of Virginia.

A careful reading of *Federated Graphics Companies, Inc.* v. *Napotnik et al.*, 424 F. Supp. 291 (E.D. Va. 1976), clearly indicates that the five-year statute is applicable only where the injury relates to a property interest. Malicious prosecution involves wrongful conduct directed at a person which may indirectly damage property. The statute, however, focuses upon conduct directed at property, i.e., one's business. Accordingly, the Court must find that even the conspiracy count is governed by the one-year limitation period.

It is therefore the opinion of the Court that all five counts are governed by the same one-year period of limitation. As all of the causes of action accrued prior to February 1, 1977, the applicable period of limitation prescribed by Section 8-24 of the Code of Virginia would have expired no later than February 1, 1978. The "Amended Complaint" filed on March 15, 1978, was therefore not timely filed.

Accordingly, the Defendant's Plea in Bar is sustained as to all counts contained in the "Amended Complaint" and the "Amended Complaint" is dismissed. In view of

480

this ruling by the Court, it will not be necessary to rule on the Defendant's Motion to Dismiss and Demurrer.