## CIRCUIT COURT OF LEE COUNTY

Jewell Christine Daugherty Smith

v.

Harold Buckles Smith

By JUDGE S. W. COLEMAN, III

March 9, 1983

The initial issue for the court to consider in this divorce proceeding as submitted was the validity of a separation agreement entered into between the parties. The primary question is whether the court can enter an order for spousal support based upon the needs and resources of the parties or whether the court is bound by those provisions of § 20-109 of the Code which state: "If a stipulation or contract signed by the party to whom such relief might otherwise be awarded is filed with the pleadings or depositions, then no decree or order directing the payment of support and maintenance for the spouse, suit money or counsel fee or establishing or imposing any other condition or consideration, monetary or nonmonetary, shall be entered except in accordance with that stipulation or contract." The complainant asserts that the agreement is not valid and assigns two reasons therefor: first, the contract was entered into in duress and the complainant did not voluntarily agree to be bound thereby but rather executed the same for the purpose of obtaining a reconciliation, and second, that there was an attempted reconciliation between the parties following the execution of the separation agreement which would have the effect of revoking or rescinding the separation

agreement. After reviewing the evidence I am of the opinion that there is not sufficient evidence to indicate that the complainant was subjected to duress or was in any way influenced to execute the agreement contrary to her own choice. There is insufficient evidence to indicate that her will was overcome. She stated that her purpose for executing the agreement was to satisfy the wishes of her children and hopefully effect a reconciliation; however, she had the advice of counsel and full opportunity to understand the contents of the document and be bound thereby.

As to the effect that a reconciliation has upon the continued validity of a separation agreement can vary with the circumstances surrounding each agreement and the actions taken by the parties thereunder. As to when and under what circumstances the terms of a separation agreement shall apply can be specified in the agreement itself. Quite often an agreement is entered into, under current statutes, while the parties remain together and in anticipation of a separation. Therefore, it is not necessary that a separation exist in order for an agreement to be valid so long as the parties intend to be bound by the terms thereof during a period of separation. Likewise, I am of the opinion that an attempted reconciliation during a period in which the parties are bound by the terms of a separation agreement would not revoke or rescind such agreement unless specifically provided for therein or unless the parties mutually agree, by words or acts, not to be bound thereby. No such evidence exists in the case before the court. In fact, even after the period of separation it appears that the parties have continued to abide by and be governed by the terms of the separation agreement and have accepted the benefits thereof. Such actions indicate that the parties did intend that the agreement be binding upon them even after the attempted reconciliation and would, in essence, constitute a ratification of the stipulation agreement. Accordingly, I am of the opinion that the separation agreement is valid and binding upon the parties and that no spousal support can be awarded contrary to the provisions thereof.

The evidence is sufficient to establish that the defendant deserted the complainant on November 18, 1982; however, I fail to find any corroborating evidence establishing jurisdiction pursuant to § 20-97 of the Code. I

would request that counsel review the evidence to be satisfied as to whether this has been proven.

November 15, 1984

The above chancery proceeding was filed on June 15, 1982, by Jewell Christine Daugherty Smith seeking a divorce from her husband. She alleged that Harold Buckles Smith had wilfully deserted and abandoned her on June 5, 1982, ten days prior to the filing of her bill. The bill of complaint alleged that a separation property settlement agreement had been entered into on June 9, 1982, six days before suit was filed and four days after the alleged desertion. The complainant prayed that the separation agreement be voided and rescinded by the court due to coercion and mental duress.

The complainant took depositions on January 6, 1983, in support of her divorce and also attacking the validity of the separation agreement. The evidence was submitted to the court and by letter opinion dated March 9, 1983, the court ruled that the evidence was sufficient to prove wilful desertion and abandonment by the defendant but that the evidence failed to corroborate jurisdiction as required by § 20-97 of the Code and also was insufficient to require the court to rescind or vitiate the separation agreement.

> [M]arital property settlements entered into by competent parties upon valid consideration for lawful purposes are favored in the law and such will be enforced unless their illegality is clear and certain. *Cooley* v. *Cooley*, 220 Va. 749, 752 (1980).

There was no clear and convincing evidence submitted to prove duress, undue influence or legal incapacity. To the contrary, the evidence indicated that both parties were competent and capable of understanding the nature and consequences of their acts and of the terms of their agreement, both were represented by and had the advice of counsel when the agreement was prepared and entered into, the agreement was supported by consideration, and no duress or undue influence was proven sufficient to overcome the voluntary act of the complainant. The complainant's unilateral desire that the agreement would

facilitate a reconciliation would not vitiate the agreement. Having concluded that there was no clear and convincing evidence to warrant rescission or cancellation of the separation agreement, the court held that the provisions of § 20-109 of the Code precluded the awarding of spousal support or settlement of property rights other than in conformity with the contractual agreement, even though the issue of child support would remain subject to determination by a court of competent jurisdiction.

Subsequent to the court's having rendered its opinion, the complainant requested an opportunity to submit additional evidence on the issue of her mental and emotional state at the time the contract was made and additional evidence on the issues of duress and undue influence. The court ruled that in order to reopen the evidence or grant a rehearing the complainant must demonstrate some error on the face of the record or some legal excuse for failing to present her evidence prior to rendition of the ruling which she now seeks to change.

> The petitioner's right to relief on a rehearing depends upon his ability to point out some error on the face of the record, or to show some legal excuse for his failure to present his full defense at or before the time of entry of the decree which he seeks to have modified.
>
> It has been held error for the chancellor to refuse an application to open an interlocutory decree founded upon affidavits of a discovery of important matter since such decree was rendered. However, the court should be satisfied before allowing a petition to rehear to be filed on the ground of after-discovered evidence that the evidence relied on is new, and could not have been discovered by the use of ordinary diligence prior to the date of the decree complained of. And in order to enable a party to submit additional evidence, the additional evidence proposed to be submitted must not be merely cumulative and impossible of changing the result. 16 Michie's Jurisprudence, *Rehearing*, Section 5, pp. 42-43.

Leave was granted to the complainant to submit proof on the threshold issue as to the nature of the "newly discovered" evidence and to offer her explanation of any legal excuse as to why the evidence could not have been discovered by the use of ordinary diligence prior to the decision by the court on March 9, 1983. The complainant's additional evidence was taken by depositions on May 26, 1983, and January 17, 1984, and at an *ore tenus* hearing on April 20, 1984. Having reviewed the additional evidence, the court is of the opinion that the complainant has failed to demonstrate legal excuse or justification for failing to present her evidence prior to the court's ruling on those same issues decided by letter opinion dated March 9, 1983. No reason or explanation has been advanced as to why such additional proffered evidence could not have been discovered by the use of ordinary diligence or was not available prior to the court's having received and considered the evidence and issues and rendered its ruling and judgment thereon. See *Downing* v. *Hutson, Darbee Co.*, 149 Va. 1, 141 S.E. 134; *Royall* v. *Peters*, 180 Va. 178, 187 (1942), and *Francis* v. *Francis*, 181 Va. 373, 375 (1943). Accordingly, the complainant having failed to demonstrate legal justification to reopen or grant a rehearing on the issues or to consider the proffered evidence, the same is hereby denied and the prior ruling of the court rendered March 9, 1983, shall stand.

Counsel for the defendant shall prepare a decree in conformity with the findings and rulings herein and shall include such prior proceedings in the decree, including the ruling of March 9, 1983, fully to reflect the actions taken herein. In order to include in the decree the granting of the divorce *a vinculo matrimonii* the matter of jurisdiction pursuant to Section 20-97 of the Code shall require corroboration.