COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Willis and Fitzpatrick
Argued at Alexandria, Virginia

WILLIAM HARRISON PARKER, S/K/A
 WILLIAM HARRISON PARKER, JR.

v.   Record No. 1481-94-4          MEMORANDUM OPINION[*] BY
                                   CHIEF JUDGE NORMAN K. MOON
COMMONWEALTH OF VIRGINIA                 OCTOBER 17, 1995

             FROM THE CIRCUIT COURT OF WARREN COUNTY
                     Dennis L. Hupp, Judge

          Thomas D. Logie for appellant.

          Margaret Ann B. Walker, Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


     William Harrison Parker, Jr. appeals his conviction of

driving after being declared an habitual offender, in violation

of Code § 46.2-357.  Parker contends that one of his previous

convictions that served as a predicate offense for the habitual

offender declaration was void.  We disagree and affirm Parker's

conviction because he may not collaterally attack his habitual

offender adjudication in his trial for driving after having been

declared an habitual offender.  Morse v. Commonwealth, 6 Va. App.

466, 369 S.E.2d 863 (1988).

     Appellant maintains that even under Morse, he may attack one

of the predicate convictions relied upon at the habitual offender

proceeding because the constitutional defect rendered the

judgment void at the inception of the trial.

     That predicate offense was a misdemeanor conviction for

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

driving with a suspended license.  Under former Code § 46.1-350, incarceration was mandatory for this offense.  Parker did not appear at the trial, and as authorized by Code §§ 19.2-258 and 19.2-258.1, he was tried in absentia and convicted.  As he did not appear at the trial, no counsel was appointed as would otherwise be required under Code § 19.2-157.  Although the statute required a jail sentence, the court imposed only a small fine.

Parker argues first that the uncounseled misdemeanor conviction was not a valid predicate offense for the habitual offender declaration.  On the contrary, it is well established that an uncounseled misdemeanor conviction is not invalid per se and may serve as a valid predicate offense in habitual offender proceedings.  McClure v. Commonwealth, 222 Va. 690, 694, 283 S.E.2d 224, 226 (1981).  Also, the United States Supreme Court recently held that a sentencing court may consider a defendant's previous uncounseled misdemeanor convictions valid under Scott v. Illinois, 440 U.S. 367 (1979)--i.e. uncounseled convictions where no jail sentence was imposed--for purposes of enhancing punishment.  Nichols v. United States, ___ U.S. ___, 114 S. Ct. 1921, 1927-28 (1994).  See also Griswold v. Commonwealth, ___ Va. App. ___, ___, ___ S.E.2d ___, ___ (1995) (en banc) (uncounseled misdemeanor conviction was properly considered at both guilt and sentencing phases of the trial, even where a jail sentence was imposed.)

Parker further argues that because no counsel was appointed

for him, the conviction on the predicate offense is void. However, the right to counsel in misdemeanor cases does not extend so far. In Nichols v. United States, the Supreme Court upheld its view, first espoused in Scott v. Illinois, that "so long as no imprisonment was actually imposed, the Sixth Amendment right to counsel did not obtain." Nichols at ___, 114 S. Ct. at 1927. The conviction is not void for failure to appoint counsel.

Finally, Parker argues that because the court imposed a sentence of less than the statutory minimum for the predicate offense, that conviction is void. However, a sentence below the minimum prescribed by law is not void, but merely voidable. Smith v. Commonwealth, 195 Va. 297, 77 S.E.2d 860 (1953); Royster v. Smith, 195 Va. 228, 77 S.E.2d 855 (1953). While a void judgment can be attacked at any time, a judgment that is merely voidable may only be attacked within twenty-one days from its date of entry or, after that period, by seeking appellate review. Failure to seek correction of a voidable judgment renders it final and conclusive. Smith, 195 Va. at 300, 77 S.E.2d at 863. As the defendant failed to seek correction of his sentence on direct appeal, the sentence is now final and cannot be collaterally attacked.

Accordingly, even assuming Parker could collaterally attack his habitual offender adjudication because of a void underlying conviction, his underlying conviction was not void. Thus, his collateral attack is not proper.

Affirmed.

- 3 -