COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Petty and Senior Judge Willis
Argued at Chesapeake, Virginia


MARK WILLIAM GAUTIER

MEMORANDUM OPINION* BY
v.        Record No. 0483-06-1           JUDGE WILLIAM G. PETTY
FEBRUARY 6, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge

Jeffrey R. Russell (Office of Capital Defender, S.E. Region, on
brief), for appellant.

J. Robert Bryden, II, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Appellant Mark William Gautier appeals an amended sentencing order for malicious

wounding, in violation of Code § 18.2-51, and for robbery, in violation of Code § 18.2-58.  He

asserts that the trial court committed reversible error by amending its original sentencing order

because it no longer had jurisdiction to modify or amend the original order.  For reasons set forth

below, we agree with Gautier and vacate both the amended original sentencing order and the

subsequent probation violation order.  We remand for further proceedings consistent with this

opinion.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.  Moreover, as this opinion has no precedential value, we recite only those facts necessary to our holding.

I. BACKGROUND

"On appeal, we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences deducible therefrom." Martin v. Commonwealth, 4

Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). So viewed, the evidence reveals that following

a bench trial on August 13, 2003, the trial court found Gautier guilty of one count of malicious

wounding and one count of robbery. At the sentencing hearing held on December 19, 2003, the

trial court imposed, in pertinent part, the following sentence[1] on Gautier:

> Incarceration with the Virginia [DOC] for the term of: 5 years for
> [robbery] and Commitment to the [DOC] for a period of 4 years,
> with commitment to be indeterminate in nature as a Youthful
> Offender pursuant to Va. Code Section 19.2-311 for [malicious
> wounding].
>
> \*        \*        \*        \*        \*        \*        \*
>
> The Court suspends 5 years of the [robbery] sentence, for a period
> of 10 years, for a total suspension of five years, upon the following
> condition(s): The defendant shall have no contact with the
> Victims.

Although required by Code § 19.2-311(A), the trial court did not suspend any portion of

Gautier's sentence for malicious wounding.[2]

While housed at a youthful offender facility, Gautier incited a riot in December 2004.

This incident led to the issuance of a probation violation capias for Gautier's failure to

successfully complete the Youthful Offender Program. On September 30, 2005, the trial court

---

[1] Malicious wounding is a Class 3 felony, punishable by a term of imprisonment of not less than 5 years nor more than 20 years. See Code §§ 18.2-10; 18.2-51.

[2] Code § 19.2-311(A) provides in pertinent part: "The judge, after a finding of guilt, when fixing punishment . . . may . . . commit such person for a period of four years, which commitment shall be indeterminate in character. In addition, the court shall impose a period of confinement which shall be suspended."

held a hearing[3] concerning the alleged probation violation. At the conclusion of the hearing, the trial court found that Gautier had violated his probation and orally imposed the following sentence:

> I'm going to order that the five-year sentences on each of the charges be executed. I'll resuspend two years of the sentence on the robbery charge on the condition [Gautier] be of good behavior while he remains in custody, for 10 years thereafter, indeterminate period of which will be supervised. I can't think of more serious conduct than inciting a riot in a prison.

Following the hearing, the clerk never reduced the oral sentence to writing for entry by the trial court. This omission prompted the Department of Corrections ("DOC") to request clarification of the terms of the orally imposed sentence, along with clarification of the terms of the original sentence.

In response to DOC's request, the trial court convened another hearing on February 1, 2006. At the beginning of the hearing, the trial court advised the attorneys of the various problems with Gautier's sentence including: (1) the absence of a written sentencing order following the September 30, 2005 hearing; and (2) the failure of the originally imposed sentence for malicious wounding to include a suspended sentence. In attempting to remedy the sentencing error, the Commonwealth asserted that under the Youthful Offender statute, the trial court had the authority to "sentence [Gautier] how the [trial court] sees fit." Gautier, however, argued that the trial court was limited to sentencing him to a maximum of four years on the malicious wounding conviction and five years on the robbery conviction.

After reviewing Code § 19.2-311(A), the trial court determined it had erred by failing to impose a suspended sentence on the malicious wounding charge when originally sentencing

---

[3] At the beginning of the hearing, the clerk informed the trial court that the court file could not be located; therefore, the trial court had to rely upon a summary sheet and the attorneys for specific details of the sentencing history.

Gautier. In attempting to correct the error, the trial court ordered that the original sentencing order be amended to reflect the following:

> [O]n the charge of malicious wounding the sentence is five years suspended upon the indeterminate commitment to the Department of Corrections to complete the Youthful Offender Program which the statute requires that I should have done on that date, if I did not do so. With that correction, then, there are five-year sentences suspended on each charge which is the minimum sentences I could impose.

In response to the trial court's decision to amend the original sentence, Gautier objected because the trial court's action exposed him to an increased penalty upon violation of his probation. The trial court noted the objection, and proceeded to orally pronounce the following sentence on Gautier for violating the terms of his probation:

> What I'm going to do is . . . effectively . . . the same thing I did last time. I'm going to order that the five years on the robbery be executed. I'll order that five years on the malicious wounding be executed. I'll resuspend all but time served on that on the condition that he be of . . . uniform good behavior while in custody for a period of ten years upon his release an indeterminate period will be supervised.

Following this hearing, the trial court entered written orders reflecting this sentence. Gautier appeals the entry of the amended original sentencing order.

## II. ANALYSIS

Gautier asserts, as he did below, that the trial court committed reversible error by amending his original sentence when it no longer had jurisdiction to do so. We agree.

Rule 1:1 provides that "[a]ll final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." The Commonwealth asserts, however, that when the trial court initially failed to impose a suspended sentenced on

- 4 -

Gautier for malicious wounding, the trial court never lost jurisdiction to amend the original order to impose a correct sentence.[4]

Although the trial court arguably committed a sentencing error by imposing a sentence below the statutory minimum and by failing to impose a suspended sentence,[5] these errors did not render the sentence void. A sentence imposed below the statutory minimum permitted by law is voidable, not void. See Smith v. Commonwealth, 195 Va. 297, 300, 77 S.E.2d 860, 862 (1953). This distinction is crucial because

> [w]hile a void judgment can be attacked at any time, a judgment that is merely voidable may only be attacked within twenty-one days from its date of entry or, after that period, by seeking appellate review. Failure to seek correction of a voidable judgment renders it final and conclusive.

Id. at 300, 77 S.E.2d at 863.

Because more than twenty-one days had passed since the entry of Gautier's original sentencing order, the trial court no longer had jurisdiction to enter the amended order, and could not reacquire jurisdiction, even by entry of a *nunc pro tunc* order. See Davis v. Mullins, 251 Va. 141, 149, 466 S.E.2d 90, 94 (1996). As explained by our Commonwealth's Supreme Court:

> To permit a trial court . . . to consider at any time what judgment it might have rendered while it still retained jurisdiction over a case and then to enter that judgment *nunc pro tunc* would render

---

[4] The Commonwealth relies upon Carter v. Commonwealth, 199 Va. 466, 100 S.E.2d 681 (1957), to support its position. We find that Carter is inapposite because in Carter, "[w]hile the trial court no doubt intended to sentence the defendant, the order does not in fact show *any* pronouncement of sentence." Id. at 469, 100 S.E.2d at 683 (emphasis added). Here, the trial court imposed a sentence upon Gautier, but failed to comply with the mandatory statutory requirements.

[5] The appendix does not contain a transcript of the original sentencing hearing. Moreover, "[a] court speaks only through its orders." Cunningham v. Smith, 205 Va. 205, 208, 135 S.E.2d 770, 773 (1964). The original sentencing order contains no provision imposing a suspended sentence for malicious wounding.

meaningless the mandate of Rule 1:1 and would do great harm to
the certainty and stability that the finality of judgments brings.

Id. at 150, 466 S.E.2d at 94.

Also, because the probation violation order attempts to revoke a sentence imposed by the amended sentencing order, it too is invalid.

## III.  CONCLUSION

For these reasons, we vacate the amended sentencing order and the probation violation order, both of which were entered on February 14, 2006, and we remand for further proceedings consistent with this opinion.

Vacated and remanded.