UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Friedman and Callins
Argued at Richmond, Virginia


SHINITA QUINNETTE BANKS-GRANT[1]

                                                    MEMORANDUM OPINION*
v.        Record No. 0364-22-2                            PER CURIAM
                                                      DECEMBER 20, 2022
CHRISTOPHER TERRELL GRANT, SR.


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Richard S. Wallerstein, Jr., Judge

Shinita Quinnette Banks-Grant, *pro se*.

No brief or argument for appellee.


The circuit court awarded Christopher Terrell Grant, Sr. (husband) a divorce from his wife,

Shinita Quinnette Banks-Grant, and dismissed wife's request for reconsideration after she failed to

appear for the reconsideration hearing.  On appeal, wife challenges the circuit court's final decree of

divorce, asserting that her name was misspelled and her signature was "forcibly forged" on the

divorce decree.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most

favorable to the prevailing party, granting it the benefit of any reasonable inferences."  *Starr v.*

*Starr*, 70 Va. App. 486, 488 (2019) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] It appears that the case name as docketed misspells wife's middle name, and the correct spelling is Quinnette.

Husband and wife married on November 12, 2014. The parties had no children. The parties separated on February 27, 2019. Husband filed a complaint for divorce on September 4, 2020. Wife did not file an answer to the complaint, yet on February 8, 2021, she filed a letter with the circuit court, requesting a hearing to present evidence of husband's alleged adultery. On February 22, 2021, husband filed a "Notice of Pending Proceeding" and advised wife that he had "attempted" to serve her by "posting" the complaint for divorce at her residence, as is permitted under Code § 8.01-296(2)(b).[2] The notice further advised wife that because she had not filed an answer, he would seek entry of a final decree of divorce "upon the expiration of ten (10) days after the giving of this Notice" and without further notice. The record reflects that wife appeared before the circuit court on March 1, 2021 for a "status hearing" that she requested, but "no action was taken" because husband and his counsel were not present. On June 2, 2021, husband filed a "Notice of Pending Entry of Final Order" to advise wife that he intended to request the entry of the final decree of divorce "at any time upon the expiration of ten (10) days after the giving of this Notice." In response, on June 15, 2021, wife filed a letter with the circuit court requesting "more time to get a lawyer." On November 8, 2021, husband filed a notice of hearing, informing wife that he intended to request entry of the final decree of divorce at a hearing scheduled for November 29, 2021.

On November 29, 2021, the circuit court entered a final decree of divorce and granted husband a divorce on the grounds of living separate and apart for more than one year. The circuit court noted that although husband properly attempted to serve the complaint, wife failed to file an answer within the required period. The final decree included a handwritten notation including wife's name and address and that she "objected to" the final decree. Above wife's name appeared

---

[2] The certificate of service indicates that husband's counsel had mailed the notice to wife on January 28, 2021.

to be wife's signature. The circuit court directed the clerk's office to send attested copies of the divorce decree to husband's counsel and wife.

By a letter dated December 3, 2021, wife asked the circuit court to reconsider the divorce decree, alleging that another person forged her signature on the document. By order entered December 7, 2021, the circuit court set a hearing on wife's request for December 13, 2021, and directed the clerk to "forward copies of this [o]rder to the parties." By order entered December 14, 2021, the circuit court dismissed the request because neither husband nor wife appeared at the hearing. Wife noted her appeal on December 29, 2021.

ANALYSIS

On appeal, wife asserts that the circuit court erred in dismissing her request for reconsideration because she was unaware of the December 13, 2021 hearing. Wife explains that she was traveling and did not learn of the hearing until her return. Wife contends that she "had no reasonable timing to contact the [circuit court] to reschedule the hearing." Wife also charges husband with "malicious intent," stating that he had knowledge of the hearing and neglected to inform her, and argues that she did not "fairly have her day in court." Wife concludes that this Court should enter judgment in her favor.

"All final judgments, orders, and decrees, irrespective of terms of court, remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Rule 1:1(a). "Neither 'the filing of post-trial or post-judgment motions, nor the trial court's taking such motions under consideration, *nor the pendency of such motions* on the twenty-first day after final judgment is sufficient to toll or extend the running of the twenty-one day time period of Rule 1:1.'" *Wells v. Shenandoah Valley Dep't of Soc. Servs.*, 56 Va. App. 208, 213 (2010) (quoting *Super Fresh Foods Mkts. of Va., Inc. v. Ruffin*, 263 Va. 555, 560 (2002)). "The twenty-one-day period is only tolled after entry of a final order or

- 3 -

judgment through entry of an order that 'expressly modifies, vacates, or suspends the judgment.'" *Id.* (quoting *Ruffin*, 263 Va. at 560); *see also Coe v. Coe*, 66 Va. App. 457, 468 (2016). No such order was entered in this case. Wife's letter requesting a reconsideration of the final decree alone was not sufficient to toll the Rule 1:1 time period, and she did not present or secure the entry of an order suspending the finality of the November 29, 2021 final decree of divorce.

Consequently, the divorce decree was a final order and "beyond the control of the circuit court" as of December 20, 2021. *Westlake Legal Grp. v. Flynn*, 293 Va. 344, 352 (2017). While the circuit court scheduled a hearing within the twenty-one-day period—and gave wife an opportunity to be heard on her filing regarding the divorce decree—wife failed to appear for the hearing. Thereafter, the circuit court properly dismissed the matter. Wife did not contact the circuit court again until she noted her appeal on December 29, 2021, at which time the circuit court was without jurisdiction to modify the divorce decree.

Moreover, wife presents her argument without any supporting case law or statutory authority. Rule 5A:20(e) states that an opening brief shall contain, among other things, "principles of law and authorities" pertaining to each assignment of error. "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration." *Atkins v. Commonwealth*, 57 Va. App. 2, 20 (2010) (quoting *Buchanan v. Buchanan*, 14 Va. App. 53, 56 (1992)). "Even *pro se* litigants must comply with the rules of court." *Francis v. Francis*, 30 Va. App. 584, 591 (1999).

We are unable to consider wife's arguments due to her failure to comply with Rule 5A:20(e), *see Fadness v. Fadness*, 52 Va. App. 833, 851 (2008), and because the record simply fails to develop or preserve her present claims. The circuit court never had an opportunity to

hear or rule upon wife's fraud claims.  Moreover, no transcripts or written statement of facts

were filed.  These defects doom her present appeal.[3]

CONCLUSION

On this record, the circuit court did not err in granting the decree of divorce.  While the

circuit court, after granting the divorce, permitted wife a hearing within 21 days after judgment

to explore her allegations of fraud, wife failed to appear at the hearing, and the court lost

jurisdiction over the case without hearing or ruling upon the issues raised.  For the foregoing

reasons, the circuit court's judgment is affirmed.

*Affirmed.*

---

[3] Code § 8.01-428 provides that "the court may set aside a judgment by default or a decree pro confesso" for multiple reasons, such as fraud on the court.  "After the expiration of 21 days from the entry of a judgment, the court rendering the judgment loses jurisdiction of the case, and, absent a perfected appeal, the judgment is final and conclusive." *Rook v. Rook*, 233 Va. 92, 95 (1987) (citing *Hirschkop v. Commonwealth*, 209 Va. 678, 679-80 (1969)).  However, if a judgment is void, it "may be attacked in any court at any time, directly or collaterally" by a party to the proceeding. *Id.*  "A void judgment is one that has been procured by extrinsic or collateral fraud." *Id.* (citing *Jones v. Willard*, 224 Va. 602, 607 (1983)).  Because the issue was not decided or developed in the circuit court, whether wife's various claims might potentially rise to the level of extrinsic fraud is a question that is not before us. *See Ellett v. Ellett*, 35 Va. App. 97 (2001).