# CIRCUIT COURT OF FREDERICK COUNTY

Boyce

　　v.

Athey

October 6, 1980

Case No. (Law) 3678

By JUDGE ROBERT K. WOLTZ

This letter opinion deals with a procedural issue on an appeal from a General District Court. The plaintiff-appellant sued the defendant by warrant on a contract, and the defendant counterclaimed with respect to the same contract. The District Court gave judgment for the defendant on the plaintiff's claim and gave judgment for the plaintiff on the defendant's counterclaim. On the last day for appeal, the plaintiff noted his appeal and posted appeal bond in accordance with Sections 16.1-106 and 16.1-107 and otherwise properly effected his appeal. The defendant took no steps with respect to appeal, and the General District Court, in accordance with Section 16.1-112, transmitted all the papers, the bond, the writ tax and costs to the Clerk of this Court.

In this Court, the plaintiff maintains that the case should be heard upon appeal only on his original claim to the exclusion of the counterclaim, as the defendant did not appeal the adverse judgment against him in the lower Court. The defendant maintains that his counterclaim should be heard on appeal, as well as the plaintiff's original claim, even though the defendant took no appellate steps concerning his counterclaim on the ground that the appeal is of the whole matter which was before the General District Court.

The issue then, under the circumstances of this case, is: when a plaintiff appeals a General District Court judgment to the Circuit Court, does the defendant's counterclaim in the lower Court ride "piggyback" on plaintiff's appeal into the Circuit Court? In the Court's opinion, it does.

Section 16.1-106 allows appeals from General District Courts to Circuit Courts as a matter of right in cases *inter alia* in which the controversy involves more than fifty dollars, which is true in this case. The appeal requirements of Section 16.1-106 for appeal bond, which is procedurally mandatory, *Covington Virginian* v. *Woods*, 182 Va. 538 (1944), as well as the requirement for payment of writ tax and costs, have been met by the appealing plaintiff but not by the counterclaimant.

Despite any action by the counterclaimant with respect to appeal, Section 16.1-112 provides that the Court from which the appeal is taken "shall promptly transmit to the clerk of the appellate court the original warrant or warrants or *other notices or pleadings* with the judgment endorsed thereon, *together with all pleadings*, exhibits and *other papers* filed in the trial of the case." The description of the papers to be sent up to the appellate court is all-inclusive. (Emphasis added)

In addition, Section 16.1-88.01 covers the subject of counterclaims in the General District Court. They are allowed generally without restriction as to whether the counterclaim grows out of the same transaction as the claim, whether it is for liquidated damages, or whether it is in tort or contract, whether or not it exceeds the original claim but with the limitation that the amount of the counterclaim shall not exceed the jurisdiction of the Court. The Section further gives the General District Court the discretion to hear claim and counterclaim together or separately, but provides: "In *either event* the court shall render such *final judgment on the whole case* as the law and the evidence require." (Emphasis added)

The statutory treatment of counterclaims in the General District Court is therefore very broad and is not restricted by the limiting features of set-off and recoupment. Since final judgment is to be "on the whole case," the legislative intent is clear that even where counterclaims are interposed in a suit in the General District Court, for the purposes of final judgment the suit is looked upon as an entity rather than as two dis-

tinct matters. An appeal then, whether by plaintiff or counterclaimant, is of the entity, of "the whole case." Therefore, where, as in this case, the plaintiff appeals from the General District Court, not only his claim comes to the Circuit Court but the counterclaim rides "piggyback" on his appeal into the Circuit Court for trial *de novo.*

The case of *K-B Corp.* v. *Gallagher*, 218 Va. 381 (1977), cited in opposition by the appealing plaintiff is not in point. In that case, the General District Court decided the original claim but apparently through inadvertence did not make decision on the counterclaim without any objection being raised by the counterclaimant. The decision held that under the circumstances the counterclaimant had abandoned his counterclaim and as a consequence his abandoned counterclaim was not before the Circuit Court on the plaintiff's appeal. In the instant case, the counterclaim was not abandoned in the lower Court, and that Court did make its judgment concerning such claim. By implication, *K-B Corp.* holds that had the counterclaim not been abandoned in the General District Court, it would have been before the Circuit Court for decision along with the original claim.

For the foregoing reasons, the trial in this Court will be of both claim and counterclaim on trial of the matter with civil venire on November 26, 1980.