# CIRCUIT COURT OF THE CITY OF RICHMOND

Plaza Motors, Inc.

v.

Ricky C. Walker

## May 11, 1987

## Case No. LJ-2293-4

## By JUDGE T. J. MARKOW

Recently, [counsel] argued Mr. Walker's appeal of the General District Court's refusal to grant a new trial. The appellant argued that while he did not appeal the judgment within the ten-day period, his motion for a new trial was filed within thirty days of judgment, and his appeal of the court's denial of that motion also brings before this court consideration of all matters *de novo*. Appellee argues that only the issue of the denial of the motion for a new trial is before this court, the merits of its claim having been determined by the judgment which became final after ten days, subject only to reconsideration by grounds sufficient to justify the granting of a new trial.

Section 16.1-106 of the Code of Virginia provides an appeal of right from "any order or judgment" if taken within ten days after "such order or judgment." Obviously, the legislature contemplated two different situations in which appeals would be taken; first, from judgments; and, second, from orders. Here the appeal is from the order denying a new trial, not from the judgment itself.

This court's jurisdiction on appeal is derivative rather than original; i.e., it is authorized to consider

only that which was before the General District Court. *Hirschkop v. Commonwealth*, 209 Va. 678 (1969); *Addison v. Salyer*, 185 Va. 644 (1946).

For example, if A filed a civil warrant in a general district court against B for the current jurisdictional limit, which case was tried and then appealed, A could not increase the demand to $10,000 in the circuit court. While this court's consideration is *de novo*, it may consider only that matter which is appealed to it. In this case the only matter for consideration on appeal is the order denying a new trial, as that was the only matter that could have been considered by the general district court.

Does consideration of a motion for a new trial in essence convert this court's consideration to a retrial of the primary case as the defendant argues? I think not, because on such a motion the general district court was limited to considering only those principles of law relating to the granting of a new trial. *Burks' Pleading & Practice*, section 324 (4th ed. Boyd, 1952); *Civil Practice In Municipal & County Courts.* § 100, Berry (1961). It did not have the absolute and unfettered right to disregard the original trial. The court was bound to the principle that a litigant is entitled to one and only one fair and regular trial. 13B Michie's Jurisprudence, *New Trials*, § 1 (1978).

Generally, new trials are granted for misconduct or error by the court, misconduct by the jury, counsel, the parties, third parties, after-discovered evidence or fraud upon the court, not simply for reconsideration of the same evidence or the same issues heard at the original trial, and never without the probability of reaching a different result. It is not a device which permits the court to simply review and second-guess itself.

In this case the appellant contends that a new trial should have been granted because the court committed an error of law in allowing judgment where a prior court had already ruled. Counsel have supplied me with correspondence which each agrees contains all facts relating to the prior proceedings and rulings and on which the General District Court and this court can decide whether the appellant's contention is correct. No other testimony was offered, this being all of the evidence before me on this *de novo* hearing. Upon review of all the facts, it is my conclusion that the court's judgment was properly awarded and was not precluded by the prior judgment. There

was no error of law or misconduct on the part of the court. Therefore, an order for a new trial would be inappropriate.

An order will be entered overruling the motion for a new trial.