122

## CIRCUIT COURT OF THE CITY OF RICHMOND

Theresa Johnson

v.

MJE Associates

February 8, 1991

Case No. LS 4453-2

By JUDGE ROBERT L. HARRIS, SR.

This matter comes before the court on defendant's Motion to Transfer venue. The motion is denied.

On October 26, 1990, plaintiff filed a Warrant in Debt in the General District Court of the City of Richmond, claiming defendant owed her $1,300.00 plus costs. The alleged debt is based on plaintiff's claim that the defendant sold her a damaged vehicle. Personal service was made on the registered agent of defendant on October 31, 1990. Additionally, plaintiff mailed a copy of the Warrant in Debt to the defendant on October 26, 1990.

The matter came before the General District Court for hearing on November 16, 1990. Defendant was not present for the hearing. Judgment was entered on that date against defendant in the amount of $1,300.00 plus $10.00 in costs.

On November 27, 1990, counsel for defendant filed a Motion to Re-Open and affidavit in support of the motion. She alleged that a Motion to Transfer was mailed to the Clerk of General District Court on November 5, 1990. The Motion to Transfer was not received by the court prior to the entry of judgment. Defendant further asserted that a clerk had informed her that once a Motion to Transfer was filed, she need not attend the November 16, 1990, hearing. The Motion to Re-Open was heard by the General

District Court on December 10, 1990, and denied. Appeal was noted by the defendant to the November 16, 1990, judgment in a timely manner.

The case is now before this court on appeal. Defendant has again filed a Motion to Transfer. The initial determination is whether this motion may be considered by this court.

Virginia Code § 8.01-264 is controlling. It provides that a motion objecting to venue must be in writing and received by the general district court on or before the date of trial. If such a motion is not properly made, any venue irregularity is waived. The jurisdiction of this court is appellate and derivative of the action commenced in district court. Va. Code §§ 16.1-106 and 17-123. Therefore, it would be inappropriate for this court to hear the Motion to Transfer filed in the circuit court when it is mandatory that such motion be filed and disposed of in general district court.

The refusal of the General District Court to reopen the case is reviewable. However, defendant must establish error of law or misconduct on the part of the lower court for the case to be remanded for further proceedings. *Plaza Motors, Inc. v. Walker*, 8 Va. Cir. 451 (1987).

Virginia Code § 8.01-264 clearly requires that all motions to transfer be *received* by the district court prior to the date of trial. Defendant's attorney presented an affidavit and testimony to the General District Court in explanation of her failure to present the motion on a timely basis. As an officer of the court, defendant's attorney claimed she mailed the motion on a timely basis and was misled by the clerk's office regarding the necessity to attend court on November 16, 1990. Nothing more was presented either to the General District Court or to this court in review.

Allowing defendant to reopen the case would be in direct conflict with the language of Va. Code § 8.01-264. Although I may have granted relief to defendant's counsel because of her difficulty with the Postal Service, my discretionary judgment may not be substituted for that of the General District Court. Failure to go beyond the wording of the statute was not an abuse of discretion. The General District Court did not err by requiring compliance with the statute.

124

This court has no authority to review the venue issue beyond determining whether the General District Court abused its discretion in failing to reopen the case. An appeal was properly taken from the November 16, 1990, judgment of the general district court, the matter shall be tried *de novo* before the Circuit Court of the City of Richmond.