# CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia

> v.

Johnnie Keel, Jr.

November 3, 1992

Case No. LT 3662–2

BY JUDGE ROBERT L. HARRIS, SR.

The Defendant, Johnnie Keel, Jr., allegedly defaulted on a student loan he acquired from Signet Bank in 1989. In a suit brought by the guarantor of that loan, the State Education Assistance Authority, in Richmond General District Court, the Defendant, who lived in the Portsmouth area, moved to have venue transferred to Portsmouth or Norfolk on convenience grounds. Despite the presence in the loan agreement of a forum selection clause in which the Defendant agreed to be sued in Richmond, the court granted the motion and transferred venue to Portsmouth. The Commonwealth appealed that ruling to the Circuit Court.

The Court must first decide whether an order transferring venue can be appealed to a circuit court at an interlocutory phase of a proceeding. It is the opinion of this Court that Virginia law allows such interlocutory appeals from a general district court to circuit court. *Compare* Va. Code Ann. § 16.1–106 (1992) (granting a right to appeal to circuit court "[f]rom *any order entered* or judgment rendered in a court not of record") (emphasis added) *with* Va. Code Ann. § 8.01–670(A)(3) (1992) (allowing petition for appeal to the Virginia Supreme Court from "*a final judgment* in any other civil case") (emphasis added).

The Commonwealth argues that once appeal is made on any matter from a general district court to a circuit court, the latter court

hears the *entire* case, not just the matter appealed. This argument is based upon Va. Code § 16.1–114.1 which effectively forbids remand or dismissal of "actions or proceedings appealed or removed from district courts" where such remand or dismissal would be based upon defective pleadings or proceedings in the district court. *See id.* § 16.1–114.1 "In any such case, the court of record shall retain the same, with full power . . . to bring about a trial on the merits." *Id.* (Emphasis added.) Section 16.1–113 adds that appeals "shall be tried . . . in a summary way." *Id.* § 16.1–113.

The difficulty with this argument is that while Virginia Code § 16.1–106 allows appeal from any *order*, as well as judgments rendered in general district court, *see id.*, § 16.1–106, the language of § 16.1–114.1 contemplates the appeal of entire actions or proceedings. *See id.* § 16.1–114.1. The evil contemplated by the statute is that a party might lose his cause of action because of a technical defect, and therefore, the circuit court is instructed to do all within its power "to promote substantial justice to all parties." *Id.* Reference, in § 16.1–114.1, to *retention* by the circuit court reflects the fact that matters heard on appeal from a general district court are derivative. "This court's jurisdiction on appeal is derivative, not original; i.e., it is authorized to consider only that which was before the General District Court." *Plaza Motors, Inc. v. Walker*, 8 Va. Cir. 451, 451–52 (1987) (citing *Hirschkop v. Commonwealth*, 209 Va. 678, 166 S.E.2d 322 (1969)); *Addison v. Salyer*, 185 Va. 644, 651, 40 S.E.2d 260, 264 (1946). In *Plaza Motors, Inc.*, the court found that an appeal from a general district court ruling denying a motion for a new trial did not give the circuit court jurisdiction over the underlying case. *See id.* at 452.

Similarly, in *National Airlines, Inc. v. Shea*, 223 Va. 578, 292 S.E.2d 308 (1982), the Virginia Supreme Court was faced with an appeal from a circuit court's refusal to set aside a default judgment. In *National Airlines*, Shea had, by misleading a general district court as to the posture of the parties, obtained a default judgment against National Airlines for lost luggage. A subsequent motion to the district court to set aside the judgment was denied, both by the district court, and, on appeal, by the circuit court. Because of the fraud perpetrated upon the district court, the Supreme Court remanded the case to the circuit court with instructions "to remand the matter to the general district court for trial on the merits." *Id.* at 583–84, 292 S.E.2d at 311.

Because of the derivative nature of this Court's jurisdiction in matters appealed from general district court, the only issue before the Court is the appropriateness of the district court's decision to transfer venue to Portsmouth at the request of the defendant. Because the Court finds that the general district court wrongly failed to give legal effect to the venue selection clause in the loan agreement, that decision is overturned.

The rule in Virginia is that "contractual provisions limiting the place or court where potential actions between the parties may be brought are *prima facie valid and should be enforced unless the party challenging enforcement establishes that such provisions are unreasonable or are affected by fraud or unequal bargaining power.*" *Paul Business Sys. v. Canon U.S.A., Inc.*, 240 Va. 337, 342, 397 S.E.2d 804, 807 (1990) (citing *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 9, 10–12 (1972)) (emphasis added); *see also, Carnival Cruise Lines v. Shute*, 113 L. Ed. 2d 622, 632–633 (1991) (upholding a forum selection clause despite inconvenience to the challenging party and despite an absence of actual bargaining between the parties).

In the instant case, the defendant has not challenged the reasonableness of the venue selection clause, other than to cite the inconvenience defending the suit in Richmond would pose. The Court doubts that the cited inconvenience would be sufficiently "substantial" to justify transferring the case even under Virginia's forum non conveniens statute, *see* Va. Code § 8.01–265 (1992) and, under that analysis, that inconvenience, standing alone, will not suffice to invalidate a venue selection clause. In *The Bremen*, the United States Supreme Court observed that "the serious inconvenience of the contractual forum to one or both of the parties might carry greater weight in determining the reasonableness of the forum clause." *The Bremen*, 407 U.S. at 17. In that case, the parties had contracted to have disputes heard in a London court. The Court notes that such an agreement between a German and an American corporation was reasonable and would not be treated with the same skepticism which might attend a similar agreement between two Americans. "We are not here dealing with an agreement between two Americans to resolve their essentially local disputes in a remote alien forum . . . . The remoteness of the forum might suggest that the agreement was an adhesive one . . . . " *Id., see also, Carnival Cruise Lines*, 113 L. Ed. 2d at 632. Richmond is not a "remote alien forum" with respect

to the defendant's preferred Portsmouth, and therefore, the Court is not required to view the forum selection clause with skepticism.

The United States Supreme Court, in *Carnival Cruise Lines*, does recognize that forum selection clauses should be scrutinized by courts "for fundamental fairness." *Id.* at 113 L. Ed. 2d at 633. However, like Carnival Cruise Lines, the State Education Assistance Authority has a valid business reason for wishing to conduct its litigation in the city in which it primarily does business and where its records are kept. There is no indication that a bad faith motive inspired the loan agreement's venue selection clause. *See id.* at 113 L. Ed. 2d at 633.

Because the general district court was incorrect in ignoring the venue selection clause in the loan agreement executed between the Commonwealth and the Defendant, that ruling is overturned. The case will be remanded to the General District Court for the City of Richmond for a hearing on the merits.