## CIRCUIT COURT OF FAIRFAX COUNTY

AAA Disposal Service, Inc.

v.

Divina Santos

September 27, 1995

Case No. (Law) 141950

BY JUDGE STANLEY P. KLEIN

This matter is before the Court on Appellant-Defendant Divina Santos, M.D., Motion for Reconsideration of the order issued August 11, 1995, which dismissed her appeal without prejudice for lack of jurisdiction. After consideration of the order, Dr. Santos' memorandum, and the applicable authorities, the Court denies the Motion for Reconsideration for the reasons set forth in this letter.

AAA Disposal Service, Inc., filed a claim in the Fairfax General District Court against Dr. Santos for $114.78 as payment for disposal services it claimed it provided for her. In response, Dr. Santos moved to have the Court dismiss the case, and additionally, she filed a counterclaim seeking compensatory and punitive damages of $10,000.00 for "abuse of process, loss of wages, emotional stress, pain and suffering, interference of business/time/effort/professional duties, and malicious prosecution." Plaintiff demurred to Defendant's counterclaim, and according to the General District Court jacket, the General District Court sustained the demurrer on June 21, 1995. However, there is no order in this Court's file dismissing the counterclaim. On June 21, 1995, Dr. Santos noted her appeal to this Court from the General District Court's order sustaining the demurrer. On June 22, 1995, AAA Disposal requested that its claim against Dr. Santos be dismissed by the General District Court because it had been "Paid/Settled." Plaintiff's claim was actually dismissed by an order entered on July 25, 1995. Plaintiff again filed a demurrer to the counterclaim in this Court. On August 11, 1995, the Court dismissed this

appeal for lack of jurisdiction. Dr. Santos has filed a Motion for Reconsideration of this Court's order.

Traditionally, in Virginia, appeals can only be taken from final orders. "A final order is one which disposes of the whole subject, gives all the relief contemplated, provides with reasonable completeness for giving effect to the sentence, and leaves nothing to be done in the cause save to superintend ministerially the execution of the order." *Marchant & Taylor v. Mathews Co.*, 139 Va. 723, 734 (1924) (quoting 4 Minor's *Institutes* 860). Dr. Santos appealed to this Court from the General District Court's order sustaining plaintiff's demurrer to Dr. Santos' counterclaim. The Virginia Supreme Court has held that an order sustaining a demurrer to a claim is not final because it fails to dispose of the entire case. *Bibber v. McCreary*, 194 Va. 394 (1952). Although *Bibber* involved an appeal to the Virginia Supreme Court, the rationale is equally applicable to appeals from General District Courts to Circuit Courts. In order to prevent confusion and the inefficient administration of justice, only one court at a time has jurisdiction over a proceeding. *Allison v. Wood*, 104 Va. 765, 768 (1906).

The Virginia Code specifically addresses how the General District Court should handle counterclaims: "[t]he court may in its discretion hear the counterclaim together with the original case or may order and hold a separate hearing of any cause of action asserted in a counterclaim. In either event, the court shall render such final judgment on the whole case as the law and the evidence require." Va. Code Ann. § 16.1-88.01. A Circuit Court has concluded that appeals, therefore, can only be taken of the entire case. *Boyce v. Athey*, 4 Va. Cir. 19, 21 (Frederick County 1980). "Since final judgment is to be 'on the whole case,' the legislative intent is clear that even where counterclaims are interposed in a suit in the General District Court, for the purposes of final judgment, the suit is looked upon as an entity rather than two distinct matters." *Id.* at 20-21. Dr. Santos' counterclaim, which was not dismissed when the demurrer was sustained, and AAA's original claim were both still pending in the General District Court on June 21, 1995, when Dr. Santos noted her appeal.

Furthermore, the fact that AAA's claim was later dismissed is of no consequence now. The General District Court dismissed the case on July 25, 1995. After entry of that final order, Dr. Santos had ten days within which to note her appeal. *See* Va. Code Ann. § 16.1-106. Failure to comply with the rules governing appeals precludes the exercise of jurisdiction by the Circuit Court. *The Covington Virginian, Inc. v. Woods*, 182 Va. 538, 548 (1944). Dr. Santos improperly noted her appeal on June 21, 1995,

before a final order was entered, and she failed to rectify her mistake by re-noting her appeal within ten days of July 15, 1995.

Because the appeal noted was not from a final order of the General District Court, this Court lacks jurisdiction to hear it. Accordingly, Dr. Santos' Motion for Reconsideration is denied.