## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

WEB Equipment, Inc.

v.

Bertone & Sons Contracting Co.

January 23, 1998

Case No. CL98-002

BY JUDGE WILLIAM H. LEDBETTER, JR.

The question presented is whether a pretrial ruling of a general district court on a jurisdictional issue is appealable to circuit court.

### Facts

WEB Equipment (the plaintiff) sued Bertone & Sons (the defendant) in the general district court for $6,150.30. On the return date stated in the civil warrant, the defendant made a special appearance by counsel and objected to the court's *in personam* jurisdiction. The court continued the case to November 19, 1997, for a hearing on the jurisdictional issue. The court also ordered that the plaintiff file a bill of particulars and that the defendant file grounds of defense by that date.

The defendant then filed a written motion to quash service and dismiss the case. The motion was heard on November 19, 1997, and denied. A trial date was fixed.

The defendant noted an appeal from the lower court's jurisdictional ruling. In response, the plaintiff filed a motion in this court to dismiss the appeal for lack of jurisdiction, contending that the lower court's ruling is not an appealable order. Arguments were heard on January 20, 1998, and the matter was taken under advisement.

*Decision*

Virginia Code § 16.1-106 governs civil appeals from general district courts to circuit courts. In pertinent part, the statute provides:

From any order entered or judgment rendered in a court not of record in a civil case . . . there shall be an appeal of right . . . to a court of record.

The defendant focuses on the phrase *"any* order" and compares that language to the language of statutes governing appeals from juvenile courts to circuit courts ("[A]n appeal may be taken . . . from the entry of the *final* judgment, order or conviction," § 16.1-296) and appeals from courts of record to the Supreme Court ("[A]ny person may present a petition for an appeal to the Supreme Court if he believes himself aggrieved . . . by a *final* judgment . . . ." § 8.01-670(A)). (Emphases added in all quotes.) The defendant argues, based on those comparisons, that there exists a much broader right of appeal in civil cases appealed from general district courts to circuit courts than in other appellate proceedings in Virginia.

The defendant points out correctly that Virginia applies the "plain meaning" rule to statutory construction. *See Brown v. Lukhard,* 229 Va. 316 (1995). Therefore, the defendant contends, "any" means "every" when used in this context.

No appellate court has definitively construed the phrase "any order" in § 16.1-106.

The defendant cites a City of Richmond Circuit Court opinion in support of its position. In *Commonwealth v. Keel,* (Richmond Cir. Ct. # LT3662-2), 29 Va. Cir. 276 (1992), Judge Robert L. Harris held that Virginia law allows an interlocutory appeal from a general district court order transferring venue.

In *AAA Disposal Service, Inc. v. Santos,* (Fairfax Cir. Ct. # L141950), 38 Va. Cir. 152 (1995), the Fairfax Circuit Court reached a different conclusion. There, Judge Stanley P. Klein dismissed an appeal from a general district court order sustaining a demurrer to the defendant's counterclaim. The counterclaim had not been dismissed. That circuit court held that appeals can only be taken from final orders. "In order to prevent confusion and the inefficient administration of justice, only one court at a time has jurisdiction over a proceeding," the court said.

This court is of the opinion that *Santos* is the better view. *See* Bryson, *Virginia Civil Procedure* (3d ed.), p. 537, footnote 78.

A construction of § 16.1-106 that would permit an appeal of *any*, i.e. *every*, general district court civil order would wreak havoc on the trial process and would be wholly contrary to Virginia's scheme of de novo appeals from lower courts to circuit courts. The types of pre-trial, preliminary, or interlocutory rulings that a general district court can make in a civil case are virtually limitless. For example, that court can order a party to re-do his pleadings to conform with Rule 7A:7; it can allow an amendment to a pleading under Rule 7A:9; it can enter an order for issuance of a subpoena duces tecum; it can require the filing of a bill of particulars or grounds of defense under Rule 7B:2; it can consolidate cases for trial pursuant to Rule 7B:10; and, of course, it can grant continuances. If the defendant's position were adopted, there could be an unlimited number of appeals in a single civil case. The case could bounce back and forth between general district court and circuit court for months, even years. The General Assembly did not intend such a possibility.

In addition to the plain meaning rule, other rules of statutory construction exist. Applicable here, the judiciary should be wary of giving words in a statute their literal meaning when a literal construction would be inconsistent with the general statutory scheme of a thing and would result in an absurdity or injustice. *See* 17 M.J., *Statutes*, § 54.

The statute that establishes the jurisdiction of circuit courts provides that such courts "shall have appellate jurisdiction in all cases . . . in which an appeal may . . . be taken *from the judgment or proceedings* of any inferior tribunal." (Emphasis added.) Section 17-123. In § 16.1-114.1, circuit courts are given authority to cure defects and irregularities in civil appeals so that the circuit court can retain the case, promote substantial justice to all parties, and *bring about a trial of the merits* of the controversy. These statutes provide insight of the intentions and objectives of the legislature in creating Virginia's scheme of de novo appeals, and the language of § 16.1-106 should be construed consistent with that scheme.

Therefore, the court is of the opinion that orders of the general district court in civil cases are appealable to the circuit court when they end the case in the lower court. It follows that this court lacks jurisdiction at this juncture to determine the pre-trial jurisdictional issue appealed by the defendant. Accordingly, the appeal will be dismissed without prejudice and remanded to the general district court for further proceedings.